J. B. EDDY v. THE CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant.

**Contributory Negligence:** STREET RAILWAYS. Plaintiff, a regular repairer of crossings, knowing that defendant's cars passed along the street at frequent intervals, placed a plank on the top of crossing sleepers to level and placed the end so near the track that the plank was certain to come into contact with passing cars; and, standing with his back toward approaching cars, he leaned over the end near the track to see whether the sleepers were level. His hearing was good, He only became aware of the approach of a car when close to him, and then jumped to the other side of the plank, and the cars knocked the plank against his ankle and injured it. *Held,* that plaintiff was guilty of contributory negligence, even, though the motorman did not give any signal of the car's approach.

**Negligence:** JURY QUESTION. Whether a motorman is guilty of negligence in assuming that a laborer on the street, not so near the track as to be in danger of being struck by the cars, did not require a signal to keep him from putting himself in a place of danger is for the jury. A motorman of an electric car is probably not chargeable with negligence in failing to give any signal of its approach to a laborer on the street who was not so near to the track as to be in danger of being struck by the car.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

WEDNESDAY, MAY 27, 1896.

ACTION at law to recc. er damages for a personal injury. Trial by jury. Verdict and judgment for the plaintiff. Defendant appeals.—*Reversed.*

*Mills & Keeler* for appellant.

*Rickel & Crocker* for appellee.

ROTHROCK, C. J.—The defendant owns and operates an electric street car line on First avenue west, in the city of Cedar Rapids. On the eighth day of July, 1893, the plaintiff and one Fleming were in the employ of the city, in repairing and rebuilding cross walks upon its streets. The injury of which plaintiff complains occurred at the intersection of First avenue and Second street, where the plaintiff and Fleming were engaged at rebuilding a cross walk on the south side of the railroad track. The walk was constructed by putting down cross bearings four inches square, at proper distances, and placing plank two inches thick and twelve inches wide upon the cross pieces. While engaged at this work, and after putting the cross stringers in place, the plaintiff and Fleming took a plank which was eighteen feet long, and of the proper width and thickness, and set it on edge along over the cross pieces, to ascertain whether the bearings were properly placed, so that the plank would rest on all of them alike. They carried this plank up from the side of the street, the plaintiff being at the end of the plank next to the street car track. When it was put in position on the bearings the plaintiff was standing near the track, and, while leaning over and examining the bearings, a street car approached from the west. The end of the plank was placed too near the track, so that the car came in contact with the end of the plank. The plaintiff was on the west side of the plank, with his back to the approaching car, and,

just before the collision, he jumped over the plank, and the motion of the car moved the plank so that it struck the plaintiff and sprained his ankle.

The alleged negligence upon which the plaintiff relied to authorize a recovery for the injury, was that the car was run at a dangerous and unlawful rate of speed, and without giving sufficient and proper warning, by bell, gong, or otherwise, of its approach, so as to enable the plaintiff to take his tools and materials out of the way of the car. The court instructed the jury that there was no evidence that the rate of speed was so great as to be dangerous, and that no recovery could be had for that charge of negligence. This instruction was correct. The evidence shows without dispute that the car was moving slowly. It is urged in behalf of appellant that the court erred in refusing to instruct the jury that the plaintiff could not recover because of his own negligence. It appears that the plaintiff was not a novice in his business. He was, and had been for some time, in the regular employment of the city, to do the kind of work in which he was then engaged. It was his business, as an employe of the city, to repair sidewalks, street crossings, bridges, and sewer boxes. He owned a horse and wagon, which he used in the business. He was familiar with the streets, and he knew that cars passed along First avenue at very short intervals. We here quote part of the plaintiff's testimony in the case: "I do not know, if the car comes rapidly, that it makes any louder sound. I have frequently heard that sound before the car got within some distance of me. Did not hear the sound with it. Do not know whether any such sound was made. Some cars make a great deal more noise than others. Do not know whether the whizzing noise is along the wire, or the gearing under the cars. There is that noise which is heard over the wire. I guess

it is generally heard. I don't know whether I noticed that that day, or not. As the car came up, I caught sight of it before it caught me. I think it made a noise or attracted my attention. Looking up, saw it, and jumped out of the way. In doing that, jumped over the twelve-inch plank set up on edge. It is very true that none of the cars come out as far as eighteen inches to two feet from the track, but a man does not want to run a risk. At least I don't. Do not know whether the car would actually strike me, where I stood, or not. I could have taken a step just to the side, on the same side of the plank. I was not helping hold the plank up on edge. Fleming was holding it. I stepped right over it, and when I got over it was facing toward the east, or southeast, and, after stepping over, turned around and faced the car that was coming. Turning round in that way, it brought my left ankle, nearest to the plank, and after I got in that position it was that this car struck the end of this plank, and whirled it around against my ankle. Could not tell whether the plank, when it struck, was on edge, or not. Did not notice that." He further stated that, "if it [the plank] had been moved back from the rail a few inches more, it would have been out of reach of the cars, and would not have been struck." It is a little difficult to understand how the jury, with this uncontradicted evidence before it, found that the plaintiff was free from negligence. He was at or near the end of the plank next to the railroad track, and allowed the end of it to be placed so near to the track that it came in contact with the car. And, with his hearing unimpaired, he testified he did not know whether he noticed the whizzing noise made by the car or not. It has many times been held that it is the duty of persons so situated to hear an approaching car.

II.  But, if it should be held that there was evidence that the plaintiff exercised proper care to avoid the injury, the judgment must be reversed upon another ground.  There was a conflict in the evidence as to whether the motorman sounded the gong on the car, or made any other signal of its approach.  The court instructed the jury on this subject as follows:  "(6) By the allegations of the petition, plaintiff claims that the defendant, by its employes, was guilty of negligence in the operation of its car, in the following particulars:  *First*, in operating said car at a high and dangerous rate of speed; *second*, by failing to give sufficient, necessary and proper warnings, by gong or otherwise, of the approach of said car.  It is established, by the undisputed evidence, that on July 8, 1893, the defendant was operating a street railway along said First avenue, west, and across said Second street, west, in the city of Cedar Rapids, by electricity; that the plaintiff was in the employ of the city of Cedar Rapids, and engaged in laying cross walk for said city at the crossing of said avenue and street, and near to the defendant's street railway line.  There is no evidence to sustain the allegations made in plaintiff's petition that defendant, by its employes, was negligent in the first particular, viz: in operating its car at a high and dangerous rate of speed, and you cannot find the defendant negligent in that particular.  But if, in addition to the facts which you are instructed, are established by the undisputed evidence, you further find, from a preponderance of the evidence, that defendant, by its employe in charge of said car, approached said crossing where plaintiff was at work, without ringing the gong, or making other signal of its approach, and also find that defendant's said employe, under all the circumstances surrounding him, in so failing to sound the gong, or give other

warning of the approach of said car, did not exercise ordinary and reasonable care, you will be warranted in finding that defendant was negligent; and if you find that, by reason of such act of negligence, plaintiff sustained injury, without any negligence on his part, which directly contributed to said injury, then you will find for the plaintiff." There is no ground upon which this instruction can be sustained. It was a question of fact for the jury to determine, whether, under all the evidence, the motorman was negligent in not giving the signal, if it was found he failed to do so. We incline to think he was not chargeable with negligence in assuming that a laborer on the street, who was not so near to the track as to be in danger of being struck by the car, would require a signal to keep him from putting himself in a place of danger. The judgment of the superior court is REVERSED.