MICHAEL HAFNER v. ST. PAUL CITY RAILWAY COMPANY.

July 2, 1898.

Nos. 11,187—(201).

**Street Railway—Evidence Establishes Contributory Negligence of Plaintiff.**
*Held,* that the evidence herein conclusively establishes the contributory negligence of the plaintff.

Action in the district court for Ramsey county to recover $10,500 damages for personal injuries. The cause was tried before Kelly, J., and a jury, and at the close of the testimony the court directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*John H. Ives,* for appellant.

*Munn & Thygeson,* for respondent.

START, C. J.

On September 24, 1890, the plaintiff was struck by one of the defendant's cable cars at the intersection of Selby avenue and Grotto street, in the city of St. Paul, and seriously injured. This action was brought to recover damages for such injuries. At the close of the evidence, the trial court instructed the jury to return a verdict for the defendant, on the ground that the evidence failed to establish any negligence on the part of the defendant, but did conclusively establish plaintiff's contributory negligence in the premises. The plaintiff appealed from an order denying his motion for a new trial.

The undisputed evidence establishes these facts: The plaintiff was a man 62 years of age, and was working for Mr. Louis Shepley, who was grading and paving Selby avenue from the outside rail of defendant's railway track to the curbing, under a contract with the city. The plaintiff had been at work three days prior to his injury, and was at the time of the injury engaged with his team in hauling sand to be placed upon the street. He had driven north on Grotto street with a load of sand to be dumped on Selby avenue, and had been directed by Mr. Shepley's foreman to drive across the

track and dump the sand on the north side of Selby avenue. At this time there was an abrupt descent from the south rail of the railway track to the bottom excavation of 11 or 12 inches, and it was necessary for plaintiff to make an approach to the street-car track before the load of sand could be driven over. Thereupon he went, as he was directed by the foreman of the paving work, to a pile of plank 48 feet away from the point where the approach was to be made, placed a 2-inch plank, 1 foot in width, edgewise on his shoulder, and carried it, and threw it down parallel with, and 4 or 5 inches from, the south rail, at the point where it was to be used. The plank was between him and the rail. Immediately after dumping the plank, he stooped down to turn the plank over against the embankment under the rail; and, while so doing, he was struck by one of defendant's cars coming from the west on the south track. He did not hear any bell or warning of the approach of the car.

Before picking up the plank at the pile of planks, he looked to see if a car was approaching, and saw none, although he had a clear view of the track for 124 feet to the west, whence the car came which struck him. He did not again look for an approaching car, but carried the plank 48 feet to the track, where it was to be used; and when standing on the outside of the plank, and in a place of safety if he stood erect, he stooped down to adjust the plank, thereby thrusting his head forward into a place of danger, without once looking to see if a car was approaching.

The evidence discloses no reason for his failure so to look. There was nothing to distract his attention. He knew the cars passed the place frequently. He was not frightened, bewildered or misled, and the slightest care on his part for his own safety would have prevented his injury. There was no evidence in the case tending to show that the defendant was guilty of any gross or wanton negligence in the premises. On the contrary, it tends to show. that its employees in charge of the car were not blamable for the accident. The motoneer saw the plaintiff some 20 feet away, as he was standing beside the track, having just thrown the plank down. The evidence indicates that the motoneer could not reasonably have anticipated that the plaintiff would stoop over to adjust the plank be-

fore the car passed, and that, when he did discover him in a position of danger, it was too late to stop the car in time to avoid injuring him. Conceding, however, without so deciding, that the evidence was sufficient to take the case to the jury on the question of defendant's negligence, it conclusively establishes the plaintiff's contributory negligence, and the trial court correctly directed a verdict for the defendant.

Order affirmed.