# FREDA CARLSON v. DULUTH STREET RAILWAY COMPANY.[1]

June 17, 1910.

Nos. 16,510—(81).

**Collision with street car — contributory negligence.**

> Plaintiff's intestate was driving his wagon upon defendant's street car track in the night-time at a point midway between the intersection of cross-streets, and where for a considerable distance cars could be seen without difficulty, and was struck by a car coming from the direction he was so driving his team and killed. The street car was equipped with an electric headlight, and was lighted inside with electric lights. The motorman did not see decedent upon the track until the moment of collision, when it was too late to prevent the accident. *Held*, that decedent was guilty of contributory negligence as a matter of law.

Action in the district court for St. Louis county by the administratrix of the estate of Gustaf Adolf Carlson, deceased, to recover $5,000 for the death of her intestate, due solely, as alleged, to the negligent acts of defendant. The answer alleged that plaintiff knew and ap-

[1] Reported in 126 N. W. 825.

preciated the dangers of driving on or near the track of defendant, but that notwithstanding the risks and his knowledge thereof he entered upon the track and continued thereon or near the same until his injury. The reply was a general denial. The case was tried before Ensign, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed and judgment ordered for defendant.

*Thomas S. Wood,* for appellant.

*John Jenswold, Jr.,* for respondent.

BROWN, J.

Action to recover for the death of plaintiff's intestate, caused, as she alleges, by the negligence of defendant. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The accident complained of happened on defendant's car line on Third street, near Forty-Fifth Avenue West, in the city of Duluth, at a point midway between intersecting cross-streets, on November 27, 1907, at six o'clock in the evening. A head-on collision between defendant's car and the vehicle driven by decedent resulted in the latter's death. The car in question was operated by electric power, and was proceeding from West Duluth to the city of Duluth. It was equipped with electric lights inside, and with a headlight on the front end of the car, lighted from the same power which propelled the car. The street is a broad thoroughfare, and in good condition for travel on both sides of the single car track at this point. The evidence tends to show that the car was being run at the rate of between fifteen and twenty miles an hour, not prohibited by the city ordinances; that its lights were all burning, and could be seen a considerable distance by a person looking in the direction from which the car was approaching.

Decedent, thirty-nine years of age, was in the employ of the Crescent Bakery Company as driver of one of its delivery wagons. At the time of the accident he was proceeding with his wagon to West Duluth along the street upon which defendant's street cars are oper-

ated between those two cities. It was a dark night, and the evidence shows that he was driving his team rapidly to reach his destination in time for an engagement after his services for the company were completed for the day. His direction was directly toward the approaching car, his view was in no way obstructed, and, had he been mindful of his surroundings, he would have seen the car in ample time to have avoided the collision. Other persons in the vicinity saw the car, and also noticed decedent driving toward it at a rapid pace. Instead of driving upon the side of the street away from the car track, he proceeded with the two side wheels of his vehicle in the center of the car track. His presence upon the car track was not noticed by the motorman in time to avoid the collision. There is some evidence tending to show that decedent was to some extent under the influence of intoxicants; but whether he was or not is not the controlling factor in the case. In the situation stated, the collision came, and the driver was killed.

Aside from the question of defendant's negligence, which we pass with the remark that it is exceedingly doubtful whether a case of actionable negligence was made out, we are clear that decedent was chargeable with contributory negligence, bordering on recklessness, and plaintiff cannot recover. Wosika v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386; Russell v. Minneapolis St. Ry. Co., 83 Minn. 304, 86 N. W. 346; Baly v. St. Paul City Ry. Co., 90 Minn. 39, 95 N. W. 757. He was familiar with his surroundings, well knew that street cars passed frequently along the street, and in this sparsely settled section of the city more rapidly than elsewhere. Had he looked forward in the direction from which the car was approaching him, he could easily have seen it, yet he deliberately drove his team partly upon the car track, when there was ample room on either side thereof. The night was dark, and he must have been aware of the fact that the motorman could not see in advance of his car any considerable distance. If under such circumstances, and the evidence is undisputed, contributory negligence does not follow as a matter of law, there is not much of the doctrine left.

Counsel insist that the rule that deceased persons will be presumed to have exercised reasonable care for their protection should be ap-

plied to the case at bar, and justified the court in submitting the question of decedent's contributory negligence to the jury. We do not question the rule; but it has no application, or is overcome, rather, in a case where the facts and circumstances surrounding the particular case clearly show that due care was not exercised.. Such is this case. The conclusion is unavoidable that decedent was not exercising due care in driving upon the car track under the circumstances stated. Nor is his conduct explained by the possible fact that he may have been driving a fractious team, which momentarily got upon the car track at the time of the accident. If it can be said that defendant is responsible for the sudden impulses and capers of fractious horses, not caused or brought about by any negligent act or omission on its part, there is no ground for so holding in this case; for the evidence shows that decedent had driven his vehicle upon the track for at least half a block before the collision occurred, thus excluding the theory that the horses suddenly got upon the track in the immediate presence of the car.

Discovering, therefore, no excuse for the conduct of decedent, it is held that he was guilty of contributory negligence as a matter of law, and plaintiff cannot recover.

Order reversed, and judgment ordered for defendant.