## CARL LARSON v. DULUTH STREET RAILWAY COMPANY.[1]

November 20, 1914.

Nos. 18,744—(59).

**Negligence — questions for jury.**

In this action to recover damages sustained in a collision with a street car of defendant, it is *held* that the questions of negligence and contributory negligence were for the jury and that the evidence sustains the verdict.

Action in the district court for St. Louis county to recover $6,800 for injury received by plaintiff in a collision with defendant's street car. The answer alleged that the accident was not caused by any negligence on the part of defendant and was caused by plaintiff's negligence. The case was tried before Cant, J., who denied defendant's motion for a dimissal of the action and its motion for a directed verdict, and a jury which returned a verdict for $900. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Thomas S. Wood,* for appellant.

*C. R. Magney* and *John Jenswold, Jr.,* for respondent.

BUNN, J.

Plaintiff recovered a verdict of $900 in the court below, and defendant appealed from an order denying its motion in the alternative for judgment or a new trial.

The assignments of error challenge the sufficiency of the evidence to warrant submitting the issues to the jury and to sustain the verdict rendered.

The action was to recover for injuries to plaintiff and his team sustained in a collision with one of defendant's street cars. The accident happened on Oneota street in Duluth at about 8:30 in the even-

1 Reported in 149 N. W. 538.

ing of March 26, 1913. Plaintiff, a retail coal dealer, in the after-
noon loaded his sleigh with coal at a dock at the foot of Fifth Avenue
west, and started to return to West Duluth. Reaching Oneota street
plaintiff drove west on the northerly or west bound of defendant's
tracks on that street. A west-bound car approached him from the
rear, and he turned to the left upon the southerly track to let the car
go by. The snow was piled up on the right, and plaintiff could not
turn that way. After the west-bound car had passed, plaintiff started
to turn to the right again when he saw a car coming from the west.
Before plaintiff could get out of danger the car struck his sleigh and
caused the damages for which he seeks to recover in this action.

The negligence of defendant relied on consists in the alleged exces-
sive speed of the car, the failure of the motorman to give signals, and
his not taking measures to avoid striking the sleigh after seeing the
danger. The evidence was conflicting, and would perhaps have sup-
ported a finding that due care was exercised by the motorman, but we
cannot disturb the finding the other way. The motorman did not stop
his car or slacken its speed until it struck the sleigh. The question
was plainly for the jury, and its decision has the approval of the trial
court.

Defendant insists that plaintiff was negligent, first, in driving upon
the tracks at all, and second, in starting to turn back instead of cross-
ing over the track when he saw the car approaching. The evidence
abundantly establishes the fact that it was not possible to drive on the
right hand side of the street because of the icy ridge of snow on that
side. This condition did not exist on the other side of the tracks, and
it would have been possible, though perhaps inconvenient, for plain-
tiff to have driven on that side. It was the wrong side of the street,
however, and teams traveling there would necessarily be obliged to
turn to the right and onto the tracks when meeting vehicles coming
from the opposite direction. The street was a main thoroughfare and
much traveled. Under all the circumstances, it is not for this court
to say as a matter of law that plaintiff was guilty of negligence that
bars his right to recover because he traveled on the car tracks instead
of along the rather narrow space on the left side. There was more
or less danger in using the street at all, but, unless we are prepared

to hold that under no conditions may teamsters drive for any distance along street car tracks in the heavily traveled streets of our large cities, we should not say that plaintiff in this case was not entitled to have a jury pass upon his conduct. We hold that the question was properly left to the jury to decide, and that we should not interfere with its conclusion.

As to the claim that plaintiff did not exercise due care after he saw the car approaching, we have no difficulty in holding that the case was for the jury, and that the evidence fairly supports the verdict. An emergency confronted plaintiff. The time for action was short. He instinctively attempted to turn to the right instead of going ahead. It is doubtful whether he could have avoided the accident even had he attempted at first to get over the track and into the space on the left side, instead of trying to turn to the right.

Defendant relies greatly on Carlson v. Duluth Street Ry. Co. 111 Minn. 244, 126 N. W. 825. The case is clearly distinguishable in important particulars. There the street was a broad thoroughfare and in good condition for travel on both sides of the single car track; plaintiff was driving his team rapidly directly toward the approaching car, which could have been easily seen had he been paying any attention. The facts in the instant case are essentially different.

Order affirmed.