## GUST E. JOHNSON v. MINNEAPOLIS & ST. PAUL SUBURBAN RAILROAD COMPANY.[1]

February 16, 1923.

No. 23,230.

**Contributory negligence of automobile driver for the jury.**

1. In this a collision between a street car and an automobile, the contributory negligence of the driver of the automobile was for the jury.

**Unnecessary to submit question to jury.**

2. The evidence did not require the court to submit to the jury whether the automobile carried proper headlights.

**Refusal to grant new trial correct.**

3. There was no abuse of discretion in refusing to grant a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county to recover $12,000 for injuries received in a collision with defendant's street car.  The case was tried before Montgomery, J., who when plaintiff rested

[1]Reported in 192 N. W. 187.

and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.   Affirmed.

*Ralph T. Boardman* and *W. D. Dwyer,* for appellant.

*Devaney & Edwards* and *Carsten L. Jacobson,* for respondent.

HOLT, J.

A paved road runs north from Minneapolis through the main street of Robbinsdale toward Osseo and Anoka.  Along the street is laid a single track upon which street cars between Minneapolis and Robbinsdale run.  This street car track is wholly east of the center line of the street.  At about 7 p. m. October 10, 1920, plaintiff, driving north on this street in Robbinsdale, and a street car going south collided.  In this action plaintiff was awarded damages for injuries sustained in the collision.  Defendant appeals from the order denying its motion in the alternative for judgment or a new trial.

The main contention of defendant is that plaintiff's contributory negligence is so clearly disclosed in the record that there should be judgment notwithstanding the verdict.  The jury must have found that defendant ran its street car after dark without the headlight burning.  This was the negligence charged and submitted.  With this fact established and other circumstances testified to, we think reasonable minds may reach the conclusion that plaintiff was not negligent in failing to discover and avoid the street car.

There was testimony that on the west side of the street car track, in close phalanx, autos with glaring headlights were coming south towards the city.  No doubt some were passing those in front, and this would throw the glare to the opposite side between plaintiff and the street car, so that the inside lights of the latter, partly hid by the curtains in front, would be almost wholly obscured from those directly meeting it.  There was testimony to that effect from others than plaintiff.  Plaintiff also testified that he had not driven over this road more than a couple of times before, and had not observed that there was only one street-car track, therefore did not

expect any car would come south thereon. He was attempting to pass a car that was impeding other cars, in that it would alternately start and almost stop, when this street car suddenly appeared in front. He at once slowed down so as to come behind the car he was about to pass, but was struck by the street car. Another witness driving just ahead of plaintiff trying to pass this "bucking" car, as it was termed, came very near being caught by this same street car, but was far enough ahead to shoot ahead of the impeding car before the street car reached him. This situation presented a question for the jury and not the court.

Defendant relies on Carlson v. Duluth Street Ry. Co. 111 Minn. 244, 126 N. W. 825, but the facts are quite different. There the electric headlight of the street car was burning, there were no glaring headlights of approaching automobiles and no distracting traffic; the street car track was in the center of the street and the situation well known to the decedent. Not so here.

Defendant requested the court to read to the jury the statute specifying the sort of headlights to be carried by automobiles. The request was refused, and error is assigned. The theory of defendant is that if plaintiff's lights had been as required by law he should have discovered the street car when 200 feet away, and not when only 50 feet distant, and too close to avoid the collision. There was positive testimony that plaintiff's automobile was equipped with good headlights properly lit, and no testimony at all to the contrary. The motorman testified he saw the approaching auto when more than 200 feet away. We think the evidence did not require the instruction asked for.

The motion for a new trial was based on newly discovered evidence. This was to the effect that a witness, who testified for plaintiff as to the "bucking" car and inability to see the street car until nearly caught, could not have been there at all. This all depended upon the proposition that a Ford car could not travel 23 miles through the city streets in less than an hour. No one who has seen a car of that make, in the hands of the ordinary delivery man, cover space on our city streets, will say that the learned trial court erred if he concluded that the 23 miles could have been made in less than

half an hour.  There could be no abuse of discretion in denying a new trial on the ground mentioned.

The order is affirmed.

QUINN, J. (dissenting.)
I dissent.