## PETER PETERSON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 13, 1938.

No. 31,651.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.
*John G. Priebe,* for respondent.

LORING, JUSTICE.

This case comes here on an appeal by the defendant from an order denying its motion for judgment or a new trial.

The plaintiff was injured while working for the city of Minneapolis in removing the block pavement from Nicollet avenue between Twenty-sixth and Twenty-seventh streets south in that city. He recovered a verdict for $6,788.75. The principal questions presented

[1]Reported in 279 N. W. 588.

by this appeal are whether or not the evidence supports the jury's findings of negligence on the part of the defendant, and whether or not as a matter of law the plaintiff was guilty of contributory negligence. It is also charged that the verdict is so excessive as to make it appear that the jury acted under the influence of passion or prejudice and that the court erred in sustaining plaintiff's objection to an inquiry by the defendant as to whether the plaintiff had been paid workmen's compensation by the city.

At about 10:00 or 10:30 o'clock a. m. November 27, 1935, plaintiff was engaged with 150 to 200 other men in the removal of the old block paving from the surface of Nicollet avenue at the point above mentioned. The plaintiff was working south of Twenty-sixth street about one-third of the way down the block toward Twenty-seventh street. Streetcars were being operated along both tracks, and he was engaged in removing blocks on the east side of the street close to the streetcar tracks. Just before he was injured he was engaged in cleaning up close to the tracks and had his back toward the south, the direction from which the car came which struck him. There was a great deal of noise made by air drills and the work that was going on, and he heard no whistle or gong and was struck by this northbound car. Other witnesses testified that they heard no gong or whistle, although they were in a place where they would have heard them had they been sounded. There was also testimony to the effect that the car was traveling faster than the cars usually traveled through this area where the workmen were engaged.

■ Upon the whole record, we are of the opinion that there was a question of fact both as to the defendant's negligence and the plaintiff's contributory negligence. Under the circumstances in which the work was being performed, he had a right to assume that streetcars would be driven through that area with care commensurate to those circumstances. Until he observed otherwise he had a right to rely upon gongs or whistles being sounded and upon cars being driven at such a moderate rate of speed as to permit almost instantaneous stoppage thereof. It must have been quite obvious to the motormen running their cars through this area that ordinary

care demanded great diligence to avoid injury to the workmen, who, if the work was to be performed with any efficiency whatever, must devote their attention to the performance of the work and rely upon signals to warn them of approaching streetcars. Other traffic except that of trucks which were hauling the blocks away was excluded from the street. The defendant relies largely on Hafner v. St. Paul City Ry. Co. 73 Minn. 252, 75 N. W. 1048, where this court held that the plaintiff was guilty of contributory negligence as a matter of law when he was injured while working near a streetcar track by being struck by one of the cable cars being operated on that track. In that case, however, there was an absence of the noises which were present in the case at bar, and the plaintiff was injured while placing a plank close to the streetcar tracks where he was in a safe position had he stood erect. He had taken no observation for approaching streetcars except at a point some 48 feet away where he had obtained the plank. After placing the plank he assumed a stooping position, which put his head where the passing streetcar struck him. Under these circumstances, it is quite apparent that the case is to be clearly distinguished upon the question of contributory negligence and also upon that of negligence of the motorman. The distinction between the case at bar and Carlson v. Duluth St. Ry. Co. 111 Minn. 244, 126 N. W. 825, also cited by appellant, is too obvious to require comment.

■ The evidence in regard to workmen's compensation was properly excluded under our decision in McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714, and Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649.

■ We do not regard the assertion that the verdict is excessive as well founded. The jury might have found the plaintiff's special damages to be $1,788.75. His doctor testified that the injury to his leg would permanently disable him from doing work which would require him to be on his feet for any length of time. The trial court was in much better position to pass upon this question than are we, and we find no reason why its ruling on this question should be reversed.

Other questions raised by defendant present no prejudicial error. The order appealed from is affirmed.

Mr. Justice Stone, absent because of illness, took no part in the consideration or decision of this case.