JULIUS SCHUMAN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 31, 1941.

No. 32,613.

[1]Reported in 296 N. W. 174.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.

*E. John Abdo* and *Don E. Morgan,* for respondent.

LORING, JUSTICE.

Defendant appeals from an order of the district court denying its motion for judgment notwithstanding the verdict of $3,400 and granting its motion for a new trial unless plaintiff accepted a reduced verdict of $2,500, which plaintiff did.

Plaintiff, an employe of the city of Minneapolis, was injured when struck by defendant's streetcar. At the time of the accident he and 10 or 12 city workmen were cleaning and scraping Chicago avenue between Twenty-seventh and Twenty-eighth streets preparatory to resurfacing that portion of the avenue between the streetcar tracks and the curb. The avenue was closed to all travel except streetcar traffic. The charge of negligence against defendant is excessive speed in operating its car and failure to keep a proper lookout and to give warning signals of its approach.

Plaintiff testified that shortly before the accident he saw the streetcar which later struck him stop at the intersection of Chicago avenue and Twenty-eighth street, about 150 feet distant; that as he proceeded to stoop over to scrape up dirt close to the tracks he again looked and saw the streetcar; that at the time preceding the accident there was a great deal of noise created by workmen scraping their shovels on the concrete and the running of the motor of a truck standing near-by; that he heard no warning bell or signal; and that he was struck and remembers nothing more until he regained consciousness some time after the accident. There were about a dozen men in the paving crew, and plaintiff

was well toward the north if not the northernmost of the workmen. His foreman was sitting in a truck near the scene of the accident and saw the streetcar at a point about five feet before it struck plaintiff. He estimated its speed at 8 to 15 miles an hour. He heard no warning signals although his position was such that he must have heard them if they were given. He corroborated plaintiff's testimony regarding the noise. Two other witnesses corroborated the foreman as to speed and absence of signals.

Defendant's motorman who operated the streetcar involved in the accident testified that he sounded the "air gong" as he approached the group of workmen; that none of the workmen was close enough to the tracks to be hit by the streetcar; that all stepped away from the tracks as the streetcar approached; that the speed of the car was between five and seven miles an hour; and that he did not see plaintiff or know that an accident had occurred until stopped by a truck some two blocks away.

The testimony made the questions of negligence and contributory negligence fact issues for the jury under the rule laid down in Peterson v. Minneapolis St. Ry. Co. 202 Minn. 630, 279 N. W. 588.

 As a result of the accident plaintiff sustained severe bruises and scars on his forehead, bridge of nose, and left side of face. He testified that prior to the accident he was in good health and that thereafter he suffered from deafness, dizzy spells, and headaches. That these symptoms were subjective does not eliminate them from consideration. The trial court cut the verdict from $3,400 to $2,500. While on the face of the record the verdict as reduced seems large, it is peculiarly a case where the trial court was in a much better position to determine the actual damages than we are. We do not feel that we should disturb its judgment.

Order affirmed.