# LLOYD S. CHRISTENSON v. VILLAGE OF HIBBING.[1]

December 29, 1944.

No. 33,829.

*J. C. Henley* and *Naughtin & Henley,* for appellant.
*C. H. Kleffman,* for respondent.

PETERSON, JUSTICE.

Plaintiff, claiming that defendant was negligent in failing to maintain a warning sign, a device, a barrier, or barricade in front

[1]Reported in 16 N. W. (2d) 881.

of a ditch adjacent to a street at the point where the one on which he was driving terminated, sued to recover for personal injuries and damage to his automobile caused by his driving into the ditch. The defense was contributory negligence. Plaintiff had a verdict, and defendant appeals.

The accident occurred at about 2:30 a. m. on June 25, 1943. Plaintiff was driving westerly on Fourteenth street, which terminates at Twelfth avenue east, which extends north and south. There is a golf course on the west side of Twelfth avenue owned by the village. Along the edge of the golf course adjacent to the shoulder of the street is a ditch about $5\frac{1}{2}$ feet deep and $15\frac{1}{2}$ feet wide across the top. There was no warning sign, device, barrier, or barricade in front of the ditch opposite the terminus of Fourteenth street. There is a street light at the northeast corner of the intersection. The evidence is in conflict as to whether it was lit on the night in question. The street was paved, but the avenue was not. The place is a populous part of the village.

Plaintiff's version is that he was driving about 15 to 18 miles per hour; that there were wisps of fog hanging low, close to the ground; that his headlights, which were on low beam, cast their rays about 100 feet ahead on the top of the fog; that he could see ahead the distance mentioned; that as he approached the terminus of Fourteenth street it appeared as though the street projected across the golf course; that what he mistook for Fourteenth street projecting across the golf course appeared the same as Thirteenth street along the north side thereof, a block distant northerly, which he had driven on often before and intended to take on the night in question, but by mistake did not; that, because of the surrounding circumstances, the ditch was not visible to approaching motorists; that he did not see the ditch, and that, assuming that the street continued across and beyond Twelfth avenue, he drove slowly across it and landed in the ditch. The nature of his injuries and property damage will be referred to in connection with the discussion of defendant's claim that excessive damages were awarded under the influence of passion and prejudice. Plaintiff testified that he was

not familiar with the place, although he had often traveled on Thirteenth street within a block of it.

A police officer of the village, upon being informed of the accident, proceeded to the scene to investigate. He made a sort of practical demonstration to determine how the accident happened. He testified that in making the demonstration he drove on Fourteenth street the same as plaintiff; that, the fog aside, under the circumstances there existing, it appeared that Fourteenth street projected beyond Twelfth avenue across the golf course and that the ditch was not visible. The evidence showed that such conditions had occurred with regularity prior to the accident over a period of from 10 to 18 years.

The trial judge instructed the jury that defendant was negligent if it failed to install and maintain a signal device, barrier, or barricade to protect travelers against a dangerous condition, if any, and that it was a fact question whether a dangerous condition existed and whether the dangers were such as to require an installation of the kind mentioned. The jury was also instructed that plaintiff could not recover if he himself was guilty of contributory negligence. At the conclusion of these parts of the instructions, the court invited corrections or suggestions. Plaintiff's counsel responded that he had none, and defendant's: "The defendant is satisfied." A motion was made in the alternative for judgment notwithstanding the verdict or a new trial. The instructions were in no way challenged in either motion, but the verdict was, upon the grounds that (1) it was not justified by the evidence; (2) it was contrary to law; and (3) excessive damages were awarded under the influence of passion and prejudice. Errors of law occurring at the trial and excepted to at the time were also assigned. No claim is made that this assignment covers error, if any, in the charge. Here, the same errors are assigned; the instructions are in no way challenged.

The argument here has taken wide range. Plaintiff contends that the evidence presented a fact situation justifying a recovery under our decisions in Ollgaard v. City of Marshall, 208 Minn. 384,

294 N. W. 228, and Ray v. City of St. Paul, 40 Minn. 458, 42 N. W. 297, which sustain the principle that a city may be found guilty of negligence in not erecting and maintaining a warning device or barrier to warn travelers of a danger at the termination of a street where the conditions there existing obscure the existence of the danger by creating the appearance that the street projects beyond its terminus. Defendant relies largely on Briglia v. City of St. Paul, 134 Minn. 97, 158 N. W. 794, L. R. A. 1916F, 1216, which was distinguished in the Ollgaard case, and on Henderson v. City of St. Paul, 216 Minn. 122, 11 N. W. (2d) 791, which involved liability for maintaining a curb around a parkway between driveways in a street. We do not deem it necessary to pursue an extended inquiry along the lines suggested. The rules by which the questions of negligence and contributory negligence. are to be determined are those given in the charge. Instructions to which no objection is made or exception taken, whether right or wrong, become the law of the case and the rule for determining whether the evidence is sufficient to sustain a recovery. Kane v. Locke, 216 Minn. 170, 12 N. W. (2d) 495; Katzmarek v. Weber. Brokerage Co. 214 Minn. 580, 8 N. W. (2d) 822; Mullany v. Firemen's Ins. Co. 206 Minn. 29, 287 N. W. 118; Hawley v. Town of Stuntz, 178 Minn. 411, 227 N. W. 358. The rules given in the charge permitted a finding that the village might be found guilty of negligence in not erecting and maintaining a warning device, barrier, or barricade to warn travelers of the termination of the street if the conditions there existing created the appearance that the street projected beyond its terminus and if the presence of the ditch adjacent to the street constituted, under the circumstances, a danger to the public requiring for its protection the maintenance of a warning device, barrier, or barricade. The rules thus given determine for the purposes of this case that there was a duty on the part of the city to protect the public against the danger mentioned and that under the evidence it was a fact question whether plaintiff was guilty of contributory negligence. As a practical proposition, the court held that the rules announced in Ollgaard v. City of Marshall and Ray v. City of St.

Paul applied to the facts of the instant case and that a finding of negligence was warranted. The evidence justified a finding, under the rules given in the charge, of the existence of a dangerous condition created by maintaining the ditch adjacent to the street without any warning device, barrier, or barricade and that it was negligence on the part of defendant not to install or maintain some sort of signal, barrier, or barricade to protect the traveling public from the dangers arising from that condition. Under the evidence and the instructions, plaintiff's contributory negligence was also a fact issue. See, Ollgaard v. City of Marshall and Ray v. City of St. Paul, *supra.*

■ The amount of the verdict was $3,569, of which $1,119.94 represented special damages for loss of earnings, medical bills, and property damage to the automobile, and approximately $2,450 represented general damages for physical pain, suffering, and permanent injuries. The injuries consisted of a moderately severe concussion of the brain, a cut on plaintiff's forehead to the bone which required five stitches and left a permanent scar, a bruise to his nose, the fracture of one or two ribs, bruises to other ribs and to his breastbone, a puncture of a lung which healed with permanent scar tissue, impairment of hearing, bruises and cuts on both knees, with a resulting bursitis requiring drainage twice on one knee, and other bruises and cuts about his body. The injuries caused extreme and severe pain, severe headaches, loss of 30 pounds of weight, loss of strength, and disability variously estimated as lasting from six months to a year.

The argument is made that the verdict exceeds those sustained in similar cases. We have often pointed out that comparison of verdicts is not a satisfactory method for determining the reasonableness of the damages awarded in a particular case, because the awards in different cases include variable elements of damages which the jury has a wide discretion in estimating and because, due to such fact, there can be no standard award by which the particular one can be gauged. Deach v. St. Paul City Ry. Co. 215 Minn. 171, 9 N. W. (2d) 735; Thoirs v. Pounsford, 210 Minn. 462, 299 N. W. 16.

An examination of the evidence shows that the amount awarded may be deemed only fair compensation. For that reason it must stand. See, Schuman v. Minneapolis St. Ry. Co. 209 Minn. 334, 296 N. W. 174; Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253; Santee v. Haggart Const. Co. 202 Minn. 361, 278 N. W. 520.

Affirmed.