## THEA C. HUSTVET v. WAINO KUUSINEN.[1]

October 9, 1931.

No. 28,581.

*Jenswold, Jenswold & Dahle,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

LORING, J.

Plaintiff recovered a verdict for damages to her car arising out of a collision which occurred about 4:30 p. m. of May 26, 1930, at the intersection of First avenue east and Second street in the city of Duluth. The trial court gave the defendant judgment notwithstanding the verdict. From this judgment plaintiff appeals.

The plaintiff was not in her car at the time of the collision, but her brother, Thomas Hustvet, was driving it to her place of employment. In doing so he drove in a westerly direction on Second street approaching First avenue east. Defendant was driving his Buick master six in a northerly direction on the avenue, intending to

[1]Reported in 238 N. W. 330.

cross the intersection of those streets. He was ascending a steep grade which rose 12½ feet to each 100. The front end of the defendant's car collided with the left side of the plaintiff's car, which was a light Ford sedan.

The sole question of importance on this appeal is whether or not the plaintiff's brother was guilty of contributory negligence as a matter of law. He concedes that he was going at a speed that was prima facie unreasonable under the statute and that his view of the intersection was obstructed as defined by the uniform traffic act. As in all such cases where a verdict has been found in her favor, the evidence must be viewed in its aspects most favorable to the plaintiff.

Much space in his brief is devoted by the defendant to an endeavor to show that the evidence is conclusive that defendant's car was first into the intersection and therefore had the right of way notwithstanding Hustvet was approaching from defendant's right. We do not so regard it. Hustvet repeatedly testified that as they approached it he was nearer to the intersection than defendant; once he admitted that they were reaching it about the same time. Hustvet was approaching the intersection at a speed which he asserts did not exceed 20 to 25 miles an hour. Under the statute this was prima facie but not conclusive evidence that he was traveling at an unreasonable rate at such an intersection. He did not lose his statutory right of way unless his speed was unlawful, and whether or not his speed was unlawful depends upon whether the prima facie presumption was overcome by the circumstances surrounding the intersection at the time. There was no car approaching from his right, and the street was clear ahead of him except that a car was approaching from the west but farther from the intersection than he was. As he came within 10 or 15 feet of the intersection he was past the obstruction to his left to the extent that he could see 20 or 30 feet down the avenue in the direction from which defendant was approaching. He saw defendant's car climbing up the steep grade in the low gear, and that it was as far or farther from the intersection than he was. Under such circum-

stances it is our opinion that the jury was justified in finding, as it evidently did, that he was not traveling at an unreasonable rate of speed and that the prima facie presumption created by the statute was overcome. In that case he did not lose his statutory right of way and might assume until his observation indicated otherwise that defendant would yield the right of way and slow down if necessary.

Much emphasis is placed upon skid marks claimed to have been made by plaintiff's car as it approached the intersection and which defendant contends conclusively show that plaintiff's theory of the case is false. Some of defendant's witnesses testified that they observed these marks in the evening after the accident. The record falls far short of proof that the marks were made by plaintiff's car. Plaintiff denied that he used his brakes. He says defendant's car struck his car back of the front seat and that he was not aware of the impending collision until it actually occurred. Evidently the jury believed that defendant was trying to beat the car approaching from the west and that when his car struck the level ground of Second street it responded to the reduction in grade. The jury may very well have so believed.

We are of the opinion that the learned trial court was right in submitting the issues to the jury, but in error when it ordered judgment for defendant. We have no difficulty in distinguishing the facts here set forth from those in the cases of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, and Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647, cited by respondent.

The respondent makes a point of the verdict for the defendant rendered by the same jury in a suit by Thomas Hustvet against the defendant for personal injuries suffered in the same accident. That verdict is not properly before us on this appeal; but, were it so, it could not be controlling on the propriety of the court's order for judgment.

The judgment is reversed.