C. J. DUFFEY v. JOHN H. CURTIS AND ANOTHER.[1]

January 25, 1935.

No. 30,093.

[1]Reported in 258 N. W. 744.

*Leonard, Street & Deinard* and *Hyman Edelman,* for appellant.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondents.

HILTON, JUSTICE.

This action was brought to recover damages for personal injuries and property loss arising out of an automobile collision at a street intersection. Defendants interposed a counterclaim, which was dismissed at the close of plaintiff's case. When both parties rested the court directed a verdict in favor of defendants upon the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals from an order denying his motion to have the verdict set aside and a new trial granted.

The court based its conclusion mainly upon evidence showing that plaintiff entered and proceeded to cross an intersection, one corner of which was obstructed, at a speed of 20 miles an hour, in violation of 1 Mason Minn. St. 1927, § 2720-4; and that plaintiff had no right under the circumstances to assume that the driver of defendants' car would give him the right of way. The portions of § 2720-4 here pertinent are as follows:

"(b) Operating a vehicle at speeds exceeding those hereinafter specified shall be prima facie evidence that the operator of said vehicle is driving the same at a speed greater than is reasonable and proper as defined in sub-division (a) of this section: * * *

"3. Fifteen miles an hour when approaching within fifty feet and in crossing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and unobstructed view

of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection; * * *"

The court, in effect, held that the evidence conclusively established that the intersection was obstructed and that the violation of the above quoted statutory provisions was as a matter of law a proximate cause of the collision. We think the court erred in so concluding.

The following are the facts most favorable to plaintiff, which for the purpose of this appeal we must accept as true. Plaintiff, driving a new Pontiac sedan, was traveling in a northerly direction on Fourth avenue south, Minneapolis. Defendant Jack Curtis, 16-year old son of defendant John Curtis, was driving his father's car (a Nash) westerly on Twenty-eighth street. The avenue and street (both paved) were respectively 34 feet and 38 feet wide. The accident occurred about half an hour after midnight on May 7, 1933; the intersection was well lighted; the surface of the streets was dry; there was a traffic semaphore in about the center of the intersection, but it does not appear that it was functioning at that late hour. There was a two-story store building 23 feet south from the southeast corner, obstructing plaintiff's view to the east (the direction from which defendant was approaching) until he passed the building. Plaintiff's testimony, corroborated by other witnesses, is that after he had passed the building and when he was 21 or 22 feet from the south curb of Twenty-eighth street he saw defendants' car approaching from his right 95 to 105 feet away; that as it came closer he estimated its speed to be between 30 and 35 miles an hour; that it was being driven on the proper side of the street and appeared to be under control; that when he had proceeded into the intersection about 10 feet he again saw defendants' car and that it was then about 50 feet away; that he continued on, intending to cross the intersection, at a speed of not more than 20 miles an hour; that his car was almost through the intersection, the front end thereof being over the boulevard line on the north side of Twenty-eight street, when it was struck by defendants' car; that the collision took place in the northeast

corner of the intersection; that the front end of defendants' car hit the right rear wheel of plaintiff's car, tipping it over. The defendants' car continued past the west side of Fourth avenue, and when it stopped was turned around facing east. There was evidence on behalf of defendants that plaintiff entered and crossed the intersection, on the left side of the semaphore, at 45 to 60 miles an hour; that the accident occurred in the northwest corner of the intersection; that defendants' car was approaching at a speed of 40 to 60 miles an hour, but slowed down and entered the intersection at 20 miles an hour; that defendant applied the brakes, and that plaintiff did not. The credibility of the testimony, however, was for the jury.

■ Violation of subd. 3 of § 2720-4 is declared by subd. (b) thereof (hereinbefore quoted) to be "prima facie evidence" that a vehicle was being driven "at a speed greater than is reasonable." It is not conclusive evidence that the violator was guilty of negligence or that such violation proximately contributed to the accident. It was for the jury to determine whether plaintiff was traveling at a speed greater than was reasonable. Hayden v. Lundgren, 175 Minn. 449, 221 N. W. 715; Hustvet v. Kuusinen, 184 Minn. 222, 238 N. W. 330, 331. In the latter case plaintiff, at a speed of 20 to 25 miles an hour, entered an intersection that was obstructed as defined by the above quoted statute. The court stated [184 Minn. 223]:

"Under the statute this was prima facie but not conclusive evidence that he was traveling at an unreasonable rate at such an intersection. He did not lose his statutory right of way unless his speed was unlawful, and whether or not his speed was unlawful depends upon whether the prima facie presumption was overcome by the circumstances surrounding the intersection at the time."

Respondents contend that under the rule of Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605, 607, violation of the statute was conclusive evidence of contributory negligence. In that case it was stated [184 Minn. 480]:

"We now state the rule to be that, in the absence of valid excuse or justification, the violation by the injured person of a statute or ordinance enacted for the benefit of the other party is conclusive evidence of contributory negligence if such violation proximately contributes to the injury."

Under the above rule the question of whether the violation was a proximate cause of the accident is still a question of fact unless reasonable minds can reach but one conclusion. However, the statutory provision under consideration in that case was § 2720-4(a), which provides:

"Any person driving a vehicle on a highway shall drive the same at a speed not greater than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, and of any other conditions then existing."

A finding that a driver of an automobile violated the above provision would, of course, necessitate a finding that he was driving at a speed greater than was reasonable. But subd. (b) of § 2720-4, first hereinbefore quoted, makes operating a vehicle at a speed in excess of that specified in the following provisions of the section only prima facie evidence of operating it at a speed greater than reasonable. It follows that a driver may violate the speed provisions of § 2720-4 and still not be guilty of negligence. In Tully v. Flour City C. & O. Co. 191 Minn. 84, 253 N. W. 22 (decided after the Mechler case), it was held:

"Defendant contends that the speed of plaintiff's car was in excess of the statutory limit and that plaintiff was prima facie guilty of negligence. If the jury believed that the speed was in excess of the statutory rate it might still believe that plaintiff was not negligent, since violation of the statute merely creates a rebuttable presumption of fact."

The rule stated in the Mechler case, 184 Minn. 476, 239 N. W. 605, is not in its entirety applicable to a statute the violation of which is only prima facie evidence of negligence.

■ Here plaintiff had a clear view to his right after passing the obstruction; he was in the intersection first and saw the defend-

ants' car approaching about 100 feet away; it appeared to be under control; it was traveling on the right side. Under such circumstances, plaintiff had the right to assume that the car approaching from his right would be so operated as to permit him to cross the intersection in safety. Reynolds v. Goetze, 192 Minn. 37, 255 N. W. 249, and cases cited; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 4164e. He had the right to assume that the driver of the approaching car would exercise ordinary care unless and until he became aware of the contrary. Guthrie v. Brown, 192 Minn. 434, 256 N. W. 898. Certainly plaintiff was not guilty of contributory negligence as a matter of law on the ground that what he observed with respect to the manner in which the approaching car was being driven should have warned him of the danger of proceeding farther, under the holding of Mozes v. Borlaug, 190 Minn. 568, 252 N. W. 420. The facts in the two cases are clearly distinguishable.

The evidence here made the question of plaintiff's contributory negligence one of fact, and it should have been submitted to the jury.

■ As there should be a new trial, attention is called to an error claimed as to the admission over objection of a copy of a police report made by the officer called to the scene of the accident. The officer was a witness. He testified·that the information contained in the report was based upon what others at the scene of the accident had told him. It was clearly hearsay evidence and inadmissible. Respondents, however, contend that it was offered and received as impeaching evidence. The witness admitted that he made a report of the accident and that the copy was probably correct. He admitted (as stated in the exhibit) that plaintiff had left the scene of the accident before he arrived, which was contrary to his statement on direct examination that he saw the people involved in the collision. The witness having admitted making the contradictory statement, the exhibit, if otherwise competent and material, was not admissible. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 10351.

Reversed.