## E. J. MONTAGUE v. LOOSE-WILES BISCUIT COMPANY AND ANOTHER.[1]

June 7, 1935.

No. 30,108.

*Smith, Callahan & Carlson, Edward J. Kotrich,* and *Carl H. Wilson,* for appellant.

*Timerman & Vennum,* for respondents.

[1]Reported in 261 N. W. 188.

JULIUS J. OLSON, JUSTICE.

In this, a negligence case, plaintiff met with an adverse verdict rendered pursuant to the court's instructions. He was unsuccessful upon his motion for new trial and appeals from the trial court's order denying the same.

The accident happened at the intersection of Elliot avenue and Thirty-fifth street in Minneapolis on February 2, 1932. Plaintiff was driving his roadster in a southerly direction upon Elliot avenue. Defendant Kenison was driving his employer's truck in an easterly direction upon Thirty-fifth street. Each of the intersecting thoroughfares is 32 feet between the curb lines. At the intersection there were deep ruts six to eight inches in depth, running easterly and westerly upon Thirty-fifth street, thus crossing plaintiff's line of travel at right angles. When plaintiff was within 20 feet of the intersection he observed defendant's truck traveling, according to his estimate, about 30 miles per hour and about 150 feet away from the intersection. Plaintiff reduced his speed to about 10 miles per hour and shifted gears so that his car was traveling at low speed. He then proceeded to cross. The reason he assigned for going in low speed was that on account of the deep ruts in the packed snow which had frozen and become icy he required the extra power to "jump the ruts." As he was crossing the first set of ruts he observed the truck to his right some 60 feet distant but still traveling at about the same rate of speed. He continued on his way, and as his car was almost at the southerly boundary of the intersection it was struck by the truck immediately back of the seat, crushing that side of the car and pushing the fender in, also the running board. The brake rods were pushed under the frame of the car. All the injuries to his car were received on the right side thereof. There were three occupants in his vehicle, and the testimony in plaintiff's behalf substantially supports plaintiff's version.

For consideration here there is virtually only one question to be determined. Defendants' counsel with characteristic candor concede that the evidence was such as to make the negligence of the truck driver a jury issue. But they take the view that plaintiff was guilty of contributory negligence as a matter of law and that

the directed verdict was justified by reason thereof. That this was the basis for the court's direction appears from its memorandum, where it is said:

' "By no fine-spun theories or arguments can plaintiff escape the fact that he slowly and deliberately drove into an intersection obstructed by deep ruts, in the face of known and obvious danger from a rapidly approaching truck on his right."

We think the evidence does not require a finding that plaintiff was contributorily negligent as a matter of law. When he entered the intersection the truck was from 75 to 100 feet to the west thereof. There is no proof that the truck was beyond control or proceeding so rapidly as to make it improbable that its driver could not bring it to a stop or slow down sufficiently to permit plaintiff's car safely to pass. As a matter of fact, according to the truck driver's own testimony, he could have stopped within a distance of less than ten feet. It is far-fetched to claim that one must assume, upon coming first to an intersection, that an approaching vehicle is going to be deliberately so driven as to violate well-established and recognized traffic rules and decent regard for the rights of others. As a matter of fact and as a frequent—perhaps universal—occurrence, such practice does not accord with any driver's experience. Such rule of conduct as defendants contend should prevail would prevent fastening liability upon the most reckless drivers and put such conduct upon a premium basis—the more reckless the less likelihood of liability. All that any careless and reckless driver need do under such circumstances would be to go smashing through all intersections and because of his very recklessness deprive him whom he has injured from recovering resulting damages. Such result cannot be countenanced, and our cases uniformly negate the existence of any such absurd rule. Our desire for speedy transportation cannot be permitted to destroy rules of conduct designed and enacted for the safety of persons and property. Truck drivers, like other users of our highways, must be made to realize, if they have not by now learned, that they neither own our thoroughfares nor possess special or superior rights thereon.

It seems clear that when the truck driver approached this intersection he could not help seeing, if he was on the job at all, that plaintiff's car was there ahead of him, and that to stop its forward progress across the deep and icy ruts would likely lead to having the car stalled, thereby perhaps seriously endangering traffic. Weather conditions were normal, there were no distracting circumstances—nothing to interfere with a clear view of each driver. It is difficult to find any excuse for the truck driver's conduct. We think the jury could well find that plaintiff had the right to assume that the oncoming truck would be so operated as to permit him to pass the intersection in safety. In Duffey v. Curtis, 193 Minn. 358, 258 N. W. 744, 745, the third syllabus paragraph of the North Western Reporter reads:

"Motorist entering intersection first had right of way and could assume, until and unless he became aware of contrary, that driver of approaching automobile would exercise ordinary care."

That case sustains plaintiff's cause, and the authorities therein cited furnish adequate guide to decision here.

In the recital of facts we have necessarily adopted those most favorable to plaintiff, as we must. The issues of defendant truck driver's negligence and plaintiff's contributory negligence should have been submitted to the jury, and the court erred in directing a verdict.

Reversed.