RUDOLPH NYE v. E. E. BACH.[1]

January 31, 1936.

No. 30,631.

[1]Reported in 265 N. W. 300.

*Robert L. MacPhail* and *Sweet, Johnson & Sands,* for appellant.
*Irving H. Green* and *Robert J. McDonald,* for respondent.

HILTON, JUSTICE.

In an action brought to recover damages for injuries sustained in an automobile accident plaintiff had a verdict. This is an appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

In the few respects in which the evidence is in conflict it must be resolved in favor of plaintiff. About three p. m. on May 10, 1934, plaintiff was driving in a southerly direction on Chicago avenue (52 feet wide) in the city of Minneapolis. As he approached the intersection of Chicago avenue and Thirty-sixth street, the latter street being 32 feet wide, he slowed down to a speed of 15 miles an hour. Until he was almost up to the intersection his view of any car that might be approaching from his right on Thirty-sixth street was obstructed by an embankment on the northwest corner of the intersection. When plaintiff was within ten feet of the intersection he noticed another car, driven by the defendant, approaching from his right on Thirty-sixth street. Defendant's car was 75 to 100 feet away at that time and traveling at 40 to 45 miles an hour. Plaintiff proceeded into the intersection, and when his car was its length therein he saw defendant's car 40 to 50 feet away. Each car then was traveling at approximately the rate of speed previously mentioned. Both cars arrived near the center of the intersection at the same time. Plaintiff, seeing that a collision was imminent, turned his car to the left and the cars "sideswiped." Plaintiff's car traveled some distance to the left beyond the place of the accident, and defendant's car careened to the right up a five-foot embankment. Plaintiff was thrown out of his car and injured.

That defendant was negligent cannot be gainsaid. It is contended that plaintiff was contributorily negligent as a matter of law. Defendant argues that plaintiff should not have driven directly in the path of the danger that must have been apparent to him.

It cannot be said as a matter of law that any danger was apparent. Plaintiff was in the intersection first, was on his own side of the highway, and clearly had the right of way. He was justified in assuming that defendant would respect that right. The facts here are not at all like those in Mozes v. Borlaug, 190 Minn. 568, 252 N. W. 420, cited by defendant. There the defendant's car was obviously out of control, proceeding toward the intersection very rapidly with its right front wheel over the curb, and plaintiff there was in a position to see it and realize the danger. Here the defendant's car was under control. The particular damage done to each of the cars in the instant case can be readily explained without reflecting on the care exercised by plaintiff. An emergency arose here, of defendant's making; it was for the jury to determine whether plaintiff had acted as a reasonably prudent man.

The physical facts of the case are by no means conclusive against the plaintiff as the defendant asserts. The pictures of the cars, taken after the accident, showing the damage done to each, clearly are corroborative of the testimony of plaintiff's witnesses that plaintiff's car swerved to the left and the cars sideswiped.

An attempt is made to distinguish previous decisions of this court, Montague v. Loose-Wiles Biscuit Co. 194 Minn. 546, 261 N. W. 188, and Duffey v. Curtis, 193 Minn. 358, 258 N. W. 744, from the one at bar on the basis of a difference in the distance traveled by the respective cars in the various cases. Quite obviously no absolute rule can be laid down in contributory negligence cases which would be applicable to every situation. There is not such a difference between the facts of the above mentioned cases and the facts here that the rules there established cannot here be applied. In Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647, it was stated that a driver of a car approaching an intersection must have his car under such control as to be in a position to avoid a collision with approaching vehicles. It was not the intention there to imply that a plaintiff invariably is guilty of contributory negligence for not avoiding a collision at an intersection as defendant's interpretation here would require.

We certainly are not required to adopt counsel's theory that had plaintiff slowed down, applied his brakes at all, or done one of several other suggested things, the accident would not have happened; nor must we assume that plaintiff accelerated his car to a point directly in front of defendant's car as the latter contends. Plaintiff had the right to assume that defendant would slow down and thus avoid entering the intersection at the same time plaintiff was there. Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484; Guthrie v. Brown, 192 Minn. 434, 256 N. W. 898; Duffey v. Curtis, 193 Minn. 358, 258 N. W. 744. The evidence presented only a fact question and as such was for the jury. Walsh v. Dahl, 195 Minn. 36, 261 N. W. 476.

One of the witnesses for defendant, some time after the accident, signed a statement giving a description thereof. Plaintiff offered it in evidence. Defendant objected to its receipt as an exhibit on the ground that a sentence therein which read, "I gave the Ins. adjuster for the Buick car a signed statement," was prejudicial. Defendant asked that the quoted sentence be deleted from the statement. This the trial court refused, and that refusal is assigned as error. The unnecessary and obviously purposeful reference to insurance in the statement was not the only such reference in the case. Another written statement, containing a like sentence, was admitted without objection. In the examination of the jurors, the fact was brought out by defendant that there might be insurance. Under the circumstances, the statement complained of could not have caused any substantial prejudice, and, if so, was cured by the charge of the trial court to the effect: "No insurance company or insurance agent is a party to this litigation. That should be disregarded." Defendant contends, however, that the quoted part of the statement objected to impeached his witness on an immaterial point not in issue (i. e., whether the witness did give another statement as the one in evidence indicated), and for that reason is reversible error. It is difficult to conceive of the jurors having been prejudiced thereby. Certainly it was not so substantial as to have influenced the verdict in any respect.

The damages awarded were not so excessive as to require a new trial.

Affirmed.

