## WALKUP v. BARDSLEY et al.

### No. 11658.

Circuit Court of Appeals, Eighth Circuit.
May 20, 1940.

Andrew N. Johnson, of Minneapolis, Minn. (Johnson, Sands & Brumfield, of Minneapolis, Minn., on the brief), for appellant.

Roy J. Mordaunt, of Minneapolis, Minn. (Sexton, Mordaunt, Kennedy & Carroll, of Minneapolis, Minn., and C. A. Johnson and Schmitt, Johnson & Farrish, all of Mankato, Minn., on the brief), for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from judgments entered upon the verdicts of a jury in a suit in which the appellees sought damages for injuries to person and property resulting from the collision of two automobiles at a highway intersection near the village of Ihlen, Minnesota, on the evening of August 18, 1938, at about 6 P. M.

Helen C. Bardsley was driving a Ford car, in which her father-in-law, J. G. Bardsley, and her two daughters were passengers. The car belonged to Rose Ward and was being driven with her knowledge and consent. The speed of the car as it approached the intersection in question was 30 to 35 miles an hour. The east and west road on which Mrs. Bardsley was driving west crossed a north and south road, upon which Francis C. Walkup was driving his DeSoto car north toward the intersection at a speed of from 30 to 35 miles an hour. With him were his wife and daughter. Each of the roads was about 25 feet wide and was gravelled and dusty. Mr. Walkup's view to the east, or to his right as he approached the intersection, was obstructed by a field of tall corn. Mrs. Bardsley's view to the south, or to her left, was also obstructed by this cornfield. The evidence indicates that as the cars approached the intersection they were approximately equidistant therefrom, and

that they reached the intersection at approximately the same time. Neither driver made any attempt to yield the right of way to the other; the speed of each car remained about constant up to the time of collision; and they came together at a point in the northeast quarter of the intersection, the Bardsley car striking the Walkup car about the middle of its right side. The result was about what was to be expected under the circumstances. Both cars rolled over, and their occupants were more or less shaken and injured. Mrs. Bardsley sustained serious injuries and was unconscious. She and two of her passengers brought suits against Mr. Walkup, claiming that the collision and their injuries were due to his negligence. He denied that he was negligent, and counterclaimed against Mrs. Bardsley for his damages due to the collision, which he asserted was proximately caused by the negligence of Mrs. Bardsley. He brought in Rose Ward as a third party defendant, asserting her liability for Mrs. Bardsley's negligence. Miss Ward denied that Mrs. Bardsley was negligent, and asserted that Walkup was negligent and that his negligence caused the collision, and she counterclaimed for the damage to her automobile. All of the issues in the various suits growing out of this collision were tried together before the court below and a jury.

At the close of the evidence, Mr. Walkup moved for a directed verdict in his favor as against Mrs. Bardsley and Rose Ward, contending that, under the evidence, it appeared as a matter of law that he was not guilty of negligence, and that Mrs. Bardsley was guilty of negligence and that her negligence either directly caused or directly contributed to the happening of the accident. The court was of the opinion that the questions of negligence, contributory negligence, and proximate cause were questions of fact for the jury, and not questions of law for the court. The issues were submitted to the jury under instructions to which no exceptions were taken and which were fair, accurate and comprehensive. The jury determined by their verdicts that the collision was caused by the negligence of Mr. Walkup, and that Mrs. Bardsley was not guilty of contributory negligence. Mrs. Bardsley recovered a verdict for her injuries, loss of wages and expenses, and Miss Ward had a verdict for the damages to her car. With the verdicts and judgments other than those in favor of the appellees we are not concerned, since they are not challenged.

. The appellant argues: (1) That there was no substantial evidence that the collision was proximately caused by his negligence; and (2) that the evidence conclusively proved the contributory negligence of Mrs. Bardsley.

In considering these questions, several things are to be kept in mind. *"First.* All the facts that the appellees' evidence reasonably tends to prove must be assumed to have been established, and all inferences fairly deducible from such facts must be drawn in their favor. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Lumbra v. United States, 290 U.S. 551, 553, 54 S.Ct. 272, 78 L.Ed. 492; Illinois Power & Light Corporation v. Hurley, 8 Cir., 49 F.2d 681, 686; Columbian Nat. Life Ins. Co. v. Comfort, 8 Cir., 84 F.2d 291, 292; Svenson v. Mutual Life Ins. Co. 8 Cir., 87 F.2d 441, 442; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 439. *Second.* Effect must be given to the rule that issues depending upon the credibility of witnesses and the weight of the evidence are to. be decided by the jury. Gunning v. Cooley, supra [281 U.S.] page 94, 50 S.Ct. page 233 [74 L.Ed. 720]; Svenson v. Mutual Life Ins. Co., supra, 87 F.2d page 443; Elzig v. Gudwangen, supra, 91 F.2d page 439. *Third.* Oral evidence which is opposed to physical facts conclusively established is not substantial evidence. Elzig v. Gudwangen, supra, 91 F.2d page 440 and cases cited. *Fourth.* The weight of uncontradicted evidence and the credibility of the witnesses who gave it are usually for the jury to determine. Elzig v. Gudwangen, supra, 91 F.2d page 440. *Fifth.* It is only where the evidence upon any issue is all on one side or so overwhelmingly on one side as to leave no doubt what the fact is, that the court should direct a verdict. People's Savings Bank v. Bates, 120 U.S. 556, 562, 7 S.Ct. 679, 30 L.Ed. 754; Southern Pacific Co. v. Pool, 160 U.S. 438, 440, 16 S.Ct. 338, 40 L.Ed. 485; Gunning v. Cooley, [281 U.S.] page 94, 50 S.Ct. 233 [74 L.Ed. 720]; Svenson v. Mutual Life Ins. Co., supra, 87 F.2d page 443. *Sixth.* The question of negligence is usually one of. fact for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence. becomes one of law for the court. Sears, Roebuck & Co. v.

Peterson, 8 Cir., 76 F.2d 243, 248, and cases cited; Young v. Baldwin, 8 Cir., 84 F.2d 841, 843." Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 377, 122 A. L.R. 987.

While violations of both statutory and common law duties were charged and countercharged, the main arguments of the parties are based upon the following provisions of § 2720-196, Mason's Minnesota Statutes for 1927, 1938 Supplement:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. * * *

"(d) The driver of any vehicle or street car traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder."

Mr. Walkup contends that the evidence and the physical fact that the collision occurred after his car had passed into the north half of the intersection before it was struck by the Bardsley car conclusively proved that his car had entered the intersection while the Bardsley car was still approaching the intersection, and that therefore Mrs. Bardsley necessarily violated her statutory duty in not yielding the right of way to him. Mrs. Bardsley claims that the evidence shows that the two cars entered the intersection at approximately the same time and that the Walkup car, being the car on her left, should have yielded the right of way to her. If subdivision (a) above quoted is given the strict construction contended for by the appellant, there would be much force in his contention, since the evidence is that his car had proceeded farther into the intersection at the time of impact than had the Bardsley car. The two cars, however, had reached the intersection at approximately the same time, and it was certain that there would be a collision if both proceeded.

■ It has long been the rule in Minnesota that the driver of a motor vehicle, in crossing a highway intersection, is required to yield the right of way to a vehicle approaching from his right and so close that there is danger of collision if both proceed; and that the right of way

statute does not warrant automobile drivers in taking close chances. Gibbs v. Almstrom, 145 Minn. 35, 176 N.W. 173, 11 A. L.R. 227; Pearson v. Norell, 198 Minn. 303, 269 N.W. 643. We find no case in which the Supreme Court of Minnesota has held that, where two motor vehicles are approaching an intersection from different highways at the same rate of speed and are approximately equidistant from the intersection and a collision is inevitable if both proceed, the driver of the vehicle on the right is required to yield the right of way to the vehicle on the left provided that vehicle reaches the intersection a fraction of a second ahead of the vehicle on the right. Such a construction of subdivision (a) would be opposed to common sense and would go a long way toward converting what was intended to be a rule to prevent accidents into a rule which might well increase the hazards of the road by encouraging drivers to take close and unjustified chances. It is our view that subdivision (a) was not intended to conflict with subdivision (b), but was enacted to enable the driver of an automobile which has reached an intersection an appreciable length of time ahead of cars approaching from his right, to cross the intersection without having to wait until such cars have passed through. It places the duty upon the driver of a car approaching from the right to yield the right of way to the driver of a car on the left, where that car is actually in possession of the intersection. See and compare, Montague v. Loose-Wiles Biscuit Co., 194 Minn. 546, 261 N.W. 188; Duffey v. Curtis, 193 Minn. 358, 258 N.W. 744; Nye v. Bach, 196 Minn. 330, 265 N.W. 300. We do not regard subdivision (a) as applicable to the situation here involved, where the rate of speed of the Walkup car and the distance it traveled into the intersection before it was struck indicated that it had reached the intersection a split second ahead of the Bardsley car.

■ If it were to be assumed, however, that because of subdivision (a) the Walkup car had the right of way, we would still be of the opinion that the question of Mr. Walkup's negligence was for the jury. He was approaching an intersection where, according to his own testimony, he could not see cars approaching from his right until he reached the south line of the intersection. He was charged with knowledge of his duty to yield the right of way to

any car which entered that intersection from his right at the same time as his car reached it. He saw the Bardsley car for the first time when his car reached the intersection. He did not attempt to stop or to slow down. It was probably too late for him to have done so in view of his rate of speed. He stepped on the gas in an endeavor to cross the intersection ahead of the Bardsley car, an obviously impossible thing to do, from his own account of what occurred. The jury might well have found that a reasonably prudent driver in his situation would not have been traveling at a speed which would have made a collision with a car approaching from his right and reaching the intersection at approximately the same time inevitable. Even if Mr. Walkup had the right of way, it was his duty to use that degree of care which a reasonably prudent driver, under similar circumstances, would have exercised. If he was driving too fast in view of the circumstances, as the jury might reasonably have believed, they were justified in finding that he had forfeited the right of way which he claims to have had, and that he was negligent. From the evidence, it seems quite evident that Mr. Walkup, who knew that no car was approaching the intersection from his left (the view in that direction being unobstructed) took a chance on there being none approaching from his right. This was a mistake, as the subsequent collision demonstrated.

The contention that Mrs. Bardsley was guilty of contributory negligence as a matter of law presents a somewhat more doubtful question. The burden, however, was upon the appellant to prove that she was guilty of such negligence, and it was not upon her to demonstrate that she was not. She received head injuries, as a result of the collision, which deprived her of any recollection of what occurred. There is no testimony that she looked to her left as she entered the intersection, and none that she did not. It may perhaps be inferred, from the testimony of J. G. Bardsley—who was sitting beside her on the front seat with eyes closed and who opened them because of an exclamation from her and then saw the Walkup car a moment before the impact—that she was not aware of its approach until it was too late to do anything to avoid the collision. There is some evidence indicating that she may have turned her car somewhat to the right just before the impact, which would perhaps indicate some knowledge on her part of the proximity of the Walkup car immediately before the collision.

It seems to us—as it seemed to the court below—that all reasonable men would not necessarily reach the conclusion that Mrs. Bardsley was negligent. She was traveling west, facing the setting sun; the road was dusty; a car pulling a hayrack and no doubt stirring up dust had just passed her going east; she had the cornfield on her left; no car was approaching her from the west; on her right and just north of the north line of the intersection a car belonging to a Mr. Even, which had been traveling south on the north and south road, had just stopped and was waiting for her car to pass. She was entitled to assume that if there was a car approaching from her left, which would reach the intersection at the same time as her car reached it, the driver of that car would yield the right of way to her. The intersection itself was unoccupied until a fraction of a second before she reached it, and the evidence indicates that it was then too late for her to stop or avoid the collision. Whether any of the circumstances with which she was confronted are to be regarded as distracting, we do not consider important. They were all circumstances to be considered in determining whether she was negligent. While the jury might well have found that this collision resulted from negligence on the part of both drivers, we are satisfied that the issues of the appellant's negligence and of the contributory negligence of Mrs. Bardsley were—as such issues usually are—issues of fact for the jury to determine. Compare Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 122 A.L.R. 987; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434; Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243, 248; Ernst v. Union City Mission, 199 Minn. 489, 272 N.W. 385; Overly v. Troy Launderers & Cleaners, Inc., 196 Minn. 413, 265 N.W. 268; Lee v. Osmundson, 206 Minn. 487, 289 N.W. 63.

The judgments appealed from are affirmed.