BERTHA MOAN v. G. T. AASEN.
ARTHUR HANSON v. SAME.[1]

February 27, 1948.

No. 34,561.

*Leslie C. Scholle,* for appellants.

[1]Reported in 31 N. W. (2d) 265.

*Johanson, Winter & Lundquist, Dell & Dell,* and *J. J. McCarten,* for respondent.

PETERSON, JUSTICE.

These two cases involve an automobile collision in which defendant, G. T. Aasen, recovered a verdict against plaintiffs, Hanson and Moan, as the owner and driver, respectively, of one of the automobiles involved. Plaintiffs named appeal.

The questions on the appeal are (1) whether the evidence showed as a matter of law that defendant was guilty of contributory negligence; and (2) whether the damages awarded were excessive and appear to have been granted under the influence of passion and prejudice.

The collision occurred at about seven o'clock in the evening of October 10, 1945, in a rural area on a strip of highway about 120 feet long extending east and west between two curves on a highway the general direction of which was north and south, and which, going north, curved to the east at the west end of the 120-foot strip and to the north at the east end of it. The surface of the road was dry. It was dusk. The weather was clear, and the drivers were able to see without the aid of headlights, but, notwithstanding that fact, both drivers had their headlights turned on.

Except as to the directions in which the cars were going, the evidence is in irreconcilable conflict. Defendant was going north, and plaintiff Hanson's car was going south. As defendant turned to the east onto the 120-foot strip, Hanson's car was coming down a hill approaching the curve at the east end thereof. Each car at that time was on its right side of the road. There were no other cars on the highway. Each driver had a clear view of the entire 120-foot strip. The right lane of each driver was open and unobstructed for travel. When the cars were about 120 feet apart, defendant pulled down his sun visor because the lights on the Hanson car blinded him. With the visor down, defendant could see only 10 or 12 feet ahead. He continued forward, keeping on his right side close to the shoulder. According to the testimony on behalf of defendant, his speed was between 20 and 25 miles per hour and

that of the Hanson car was between 40 and 50 miles per hour. Almost instantly after defendant pulled down his sun visor, the Hanson car crossed over to defendant's side of the road, causing a head-on collision. According to plaintiffs' version, the Hanson car kept on its right side of the road; its speed was about 15 to 20 miles per hour and the speed of defendant's car about 40 to 45 miles per hour, and defendant's car crossed to its left or the wrong side of the road, thereby causing the collision. Plaintiffs contend that the evidence shows that if defendant had turned about two feet to his right the collision would have been avoided. Defendant contends that it shows that he could not have got any farther to his right without danger of going off the road into a lake.

■ Plaintiffs contend that under the rule of Orrvar v. Morgan, 189 Minn. 306, 249 N. W. 42, defendant was guilty of contributory negligence as a matter of law. In the Orrvar case, it appeared that on a clear night and on a dry pavement plaintiff drove at a speed making it impossible for him to stop or turn his car within the space illuminated by his headlights and collided with the rear of defendant's truck, which was standing in the right traffic lane without any taillights. The basic reasons for holding plaintiff there guilty of contributory negligence as a matter of law were that he did not, and under the circumstances could not, know whether the road ahead was clear or obstructed, and that notwithstanding such lack of knowledge he nevertheless proceeded blindly so far as concerned obstructions beyond the range of illumination of his headlights and incurred the unreasonable risk of colliding with whatever might be there. Because he took such a risk, he ran into the rear of the truck. Here, the facts are different. Defendant did not collide with a car he had not seen and could not see, nor did he proceed where he could not see whether other cars or obstructions were present. He had observed the road ahead, and as a result of the observation he ascertained that his lane of travel was free from obstruction and that the Hanson car was approaching on its proper side of the road. Plaintiff in the Orrvar case made no such observation and, under the circumstances, could not. True, defendant here

proceeded blindly as to the area more than the 10 or 12 feet ahead of him, but did so only after it had appeared safe for him to do so. If both cars had kept on their respective sides of the road, the collision would not have occurred. By crossing to defendant's side of the road, the driver of the Hanson car changed the entire situation and made what appeared to defendant to be a safe condition under which to proceed in fact a dangerous one.

We think that this case is distinguishable from the Orrvar case upon its facts and that it is governed by the rules applicable to drivers passing while traveling in opposite directions. The driver of an automobile meeting and about to pass an oncoming automobile has the right to assume, until the contrary appears, that the oncoming car will keep on its right side of the road. Kapla v. Lehti, 225 Minn. 325, 30 N. W. (2d) 685; Olson v. Byam, 176 Minn. 619, 224 N. W. 256. See, Dohm v. R. N. Cardozo & Bro. 165 Minn. 193, 206 N. W. 377. Here, defendant had a right to indulge in such assumption. Whether he did so to a point where it became unreasonable was a fact question for the jury. The accident occurred instantly. The distance between the cars closed, according to calculations made upon the argument, in a little less than one and one-half seconds. It does not appear at what place the Hanson car cut to the wrong side of the road or the circumstances thereof, except that it occurred suddenly. Nor does it appear that defendant could have stopped under the circumstances and, if he could, whether he could thereby have avoided the collision.

We have not attempted to apply the rules of cases like Twa v. Northland Greyhound Lines, Inc. 201 Minn. 234, 275 N. W. 846, and Tully v. Flour City C. & O. Co. 191 Minn. 84, 253 N. W. 22, distinguishing the Orrvar case. The instant case differs from those cases also.

■ The verdict was for $2,500. At the time of the accident defendant was 68 years of age and apparently a strong and vigorous man for his age. He sustained severe chest, body, and wrist injuries from which he suffered excruciating pain and from which it was feared he might die. He was hospitalized for eight days and

508

was totally disabled for at least six or seven months afterward. Thereafter, he had partial disability and susceptibility to colds. While his loss of earnings was not shown, it does appear that he did fall plowing for others and that he lost the income therefrom for the 1945 season. Special damages amounted to $213. Plaintiffs contend that passion and prejudice may be inferred from the size of the verdict alone, but we think that such an inference is not permissible. A different result is not compelled by Christenson v. Village of Hibbing, 219 Minn. 141, 16 N. W. (2d) 881.

Affirmed.

Mr. Justice Julius J. Olson took no part in the consideration or decision of this case.