### SUPERIOR INS. CO.
#### v.
### MILLER et al.
#### No. 4682.

United States Court of Appeals, Tenth Circuit.

Dec. 11, 1953.

Duke Duvall, Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellant.

Reuel W. Little, Madell, Okl. (Charles R. Nesbitt, Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Miller brought an action against Hackett in the District Court in and for Oklahoma County, Oklahoma, to recover damages for personal injuries alleged to have been caused by the negligence of Hackett in the operation of an automobile in which Miller was riding as a passenger. Pursuant to a compromise agreement, a judgment was entered in favor of Miller for $9,000. $4,000 thereof was paid. Miller then brought a garnishment proceeding against the Superior Insurance Company [1] to collect the balance due on the judgment. The garnishment proceeding was removed to the United States District Court for the Western District of Oklahoma. The issues were tried to a jury, resulting in a verdict and judgment in favor of Miller. Superior has appealed.

The automobile being driven by Hackett at the time of the accident belonged to John Harbison, an Oklahoma City used car dealer. The automobile was covered by an insurance policy issued to Harbison by Superior, insuring against bodily injury liability resulting from the use of the automobile by the named insured or by another with his permission.

The evidence, considered in a light most favorable to Miller, established these facts: The used car business was owned and operated by Harbison and was in sole charge of Raymond Smith, an employee of Harbison. Smith was authorized to exercise his judgment in permitting persons driving an automobile bearing an Oklahoma license, and inter-

ested in trading for a used automobile, to road test such automobile. On January 19, 1952, Hackett drove his own automobile, a 1940 Chevrolet Tudor, to the used car lot and parked it. Hackett told Smith that he was interested in a late model automobile. Smith showed him a 1951 Chevrolet Club Coupe. Hackett looked the automobile over and noted the speedometer showed it had been driven approximately 9,000 miles. Smith priced the automobile at $1,795. Hackett was interested in buying the Club Coupe. Smith asked Hackett where he worked and Hackett replied at the Armour & Company plant in Oklahoma City. Smith asked Hackett how long he had worked for Armour & Company. Hackett replied 14 years. Smith then said, "Why don't you take that car and drive it, try it out." Smith did not restrict the time Hackett should keep the automobile to try it out or the territory in which he should drive it in trying it out. Hackett left his own automobile at the used car lot and drove the Club Coupe to a point in Oklahoma City where he picked up Miller, a fellow employee of his at Armour & Company. He then drove the automobile on the highway leading from Oklahoma City to Chickasha. The accident occurred at a point on U.S. Highway 81, approximately eight miles north of Chickasha. The distance from Oklahoma City to Chickasha is 51 or 62 miles, depending on the route traveled. At the time of the accident Hackett was driving the automobile for the purpose of trying it out. Hackett had a family consisting of his wife and their three children.

The question presented is whether there was substantial evidence from which the jury could find that at the time of the accident Hackett was driving the automobile with the consent of Harbison.[2]

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]

1. Hereinafter called Superior.

2. Baltimore & O. R. Co. v. Postom, 85 U.S. App.D.C. 207, 177 F.2d 53, 54.

3. National Labor Relations Board v. Standard Oil Co., 10 Cir., 124 F.2d 895, 903; Consolidated Edison Co. of New

All the facts that Miller's evidence reasonably tended to prove must be assumed to have been established and all inferences fairly deductible from such facts must be drawn in her favor.[4]

Issues that depend on the credibility of the witnesses and the weight of evidence are to be decided by the jury.[5]

The credibility of witnesses who give uncontradicted evidence and the weight to be given their testimony are usually for the determination of the jury.[6]

Where the evidence and the inferences reasonably deductible from it are such that reasonable minds may honestly draw different conclusions from them, the question presented is one of fact to be determined by the jury.[7]

Harbison testified that he instructed Smith, where the latter gave permission to a prospective customer for a used automobile to test it by driving, that he should give permission to drive it "around a few blocks" and should not permit it to be driven "out of town." Smith testified that he gave Hackett permission to drive the automobile "around a few blocks." Hackett testified that Smith imposed no restrictions as to the time and place he should drive the automobile in testing it. Clearly, driving a used automobile for a few blocks would be wholly inadequate to properly test it. Only driving it on both city streets and open highways would afford an adequate road test. It is apparent that the jury did not believe Harbison's testimony with respect to the restriction of Smith's authority or Smith's testimony with respect to restrictions as to the place Hackett should drive the automobile in testing it, and we think the jury was warranted in so doing.

Under the permission given by Smith to Hackett, as testified to by the latter, Hackett was authorized to drive the used automobile both on city streets and open highways sufficiently to adequately road test it. Limiting a driving test by a prospective purchaser to a few city blocks probably would raise suspicion in the mind of the customer, rather than satisfy him as to the condition of the automobile, and is not a limitation a dealer would likely impose. Whether Hackett drove the automobile a greater distance than was reasonably adequate to road test it and whether he was in good faith driving the automobile for the purpose of road testing it at the time of the accident, in our opinion, were questions of fact for the determination of the jury.

There are circumstances disclosed by the evidence which raise doubt as to the good faith of Hackett in obtaining permission to drive the automobile for the purpose of road testing it, but such circumstances went to the credibility of Hackett's testimony. The credibility of Hackett's testimony was for the determination of the jury. In finding, under the instructions of the court, that Hackett was driving the used automobile at the time of the accident with the permission of Harbison, it necessarily found that Hackett's testimony was true.

We conclude that there were issues of fact for the determination of the

York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126; National Labor Relations Board v. Winter, 10 Cir., 154 F.2d 719, 722.

4. Walkup v. Bardsley, 8 Cir., 111 F.2d 789, 791; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Lumbra v. United States, 290 U.S. 551, 553, 54 S.Ct. 272, 78 L.Ed. 492.

5. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Walkup v. Bardsley, 8 Cir., 111 F.2d 789, 791;

Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440.

6. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440; Walkup v. Bardsley, 8 Cir., 111 F. 2d 789, 791.

7. Central Surety & Ins. Corporation v. Murphy, 10 Cir., 103 F.2d 117, 119; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Terry v. Muller, 8 Cir., 190 F.2d 170, 172; Wilkerson v. McCarthy, 336 U.S. 53, 62, 69 S.Ct. 413, 93 L.Ed. 497.

704

jury and that its verdict was supported by substanial evidence.

Affirmed.

MURRAH, Circuit Judge, concurs in the result.