## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Robert M. White, assignee, etc.

v.

Glens Falls Ins. Co.

June 9, 1969

Case No. (Law) 4959

By JUDGE EDWARD L. RYAN, JR.

The court has carefully considered the authorities submitted by counsel and it appears that the overwhelming weight of authority favors the position taken by the defendant that there was no coverage in the absence of an accident.

Plaintiff urges on the court that there was a duty on defendant to defend the Starkey and Padon cases when the amended motions for judgment were filed alleging that the Thrasher Contracting Company "negligently" proceeded to do the work.

In *Thomason Co.* v. *Lumberman's Mutual Cas. Co.*, 183 F.2d 729 (4th Cir. 1950), the court said the following:

We do not mean to say that there may not be an accident as the result of negligence, but there was no such result in this case and it cannot be held that negligence is synonymous with accident.

In *Farm Bureau* v. *Hammer*, 177 F.2d 793 (4th Cir. 1949), the automobile tort cases were tried on the theory of negligent injury and the insured defendant made no defense and recoveries were allowed to the injured plaintiffs. Actually, the defendant was guilty of deliberate assault

and battery by automobile and was convicted therefor in the criminal court. The Circuit Court of Appeals held there was no coverage because no accident had occurred.

The declarations and the amended motions for judgment clearly show that there was no accident involved in the matters leading to the tort actions. The fact that the trial court granted negligence instructions would not affect this matter for the reason that the insurance company is not required to defend unless the allegations of the motion for judgment bring a case within the terms of the policy. *London Guar. Co.* v. *White & Bros.*, 188 Va. 195 (1948).

An order granting judgment to defendant should be presented, preserving plaintiff's exceptions.