### The TRAVELERS INDEMNITY COMPANY, Plaintiff,

v.

### FAIRCHILD CAMERA & INSTRUMENT CORPORATION, the Truck Insurance Exchange, and Employers Insurance Company of Wausau, Defendants.

Civ. No. 87–0311–P.

United States District Court,
D. Maine.

July 6, 1988.

John J. O'Leary, Jr., Catherine R. Connors, Portland, Me., Conrad K. Harper, Simpson Thatcher & Bartlett, New York City, for Travelers Indem. Co.

William E. Reed, III, Wellesley, Mass., Charles H. Abbott, Auburn, Me., for Employers Ins. Co.

John A. Mitchell, Verrill & Dana, Portland, Me., for the Truck Ins. Exchange.

John G. Connor, Harold Friedman, Portland, Me., E. Judge Elderkin, Donald W. Brown, San Francisco, Cal., for Fairchild Camera & Instrument Corp.

### MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This matter comes before the Court on Fairchild's motion to dismiss or stay this action and Fairchild's motion to dismiss or stay Truck Insurance's cross-claim. Oral arguments were heard on June 27, 1988. For the reasons set forth below, the Court will grant Fairchild's motions to stay.

### I.

Over the past several years, Fairchild has purchased a series of comprehensive general liability insurance policies from various insurers, including several policies

from Travelers. Fairchild currently faces claims brought under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") due to groundwater and soil contamination at sixteen sites across the country. On December 17, 1985, Fairchild filed an action in California Superior Court seeking declaratory relief and damages for breach of contract against sixty-two of the insurance companies which allegedly insured Fairchild. Fairchild did not name Travelers as a defendant in the Complaint, but amended its Complaint on December 9, 1986 to identify the defendant sued under the fictitious name "Doe 1" as Travelers.

Travelers brought this action in the federal district court in Maine on October 20, 1987, seeking declaratory relief against Fairchild as well as Truck Insurance and Wausau. Both Truck and Wausau had also sold insurance policies to Fairchild. Travelers claims that it has no obligation to indemnify Fairchild for the cleanup of the McKin site located in Gray, Maine. Travelers' action does not relate to any of the other sites for which Fairchild faces liability or any of the other policies which Travelers sold to Fairchild. Fairchild filed its motion to dismiss on November 18, 1987, arguing that the issues in this case should be resolved by the more comprehensive California case.[1]

Meanwhile, Travelers moved the California court to stay that action with respect to the McKin site. On February 10, 1988, Judge McCabe of the California Superior Court granted Travelers' motion without prejudice to Fairchild's right to move to vacate or amend the stay should the action now pending before this Court be dismissed or stayed.

Fairchild was subsequently granted leave to amend its complaint in the California action. Fairchild's Amended Complaint alleged numerous causes of action against Travelers and sixty-one other insurers under numerous policies, including the policy which, according to Fairchild, covered Fairchild's liabilities arising from the McKin site. Travelers' policies, which Fairchild claimed were in effect between January 1, 1972 to January 1, 1975, were implicated in nine of the thirteen sites named in the Complaint.

On May 23, 1988, Judge McCabe sustained Travelers' demurrer to Fairchild's First Amended Complaint. Fairchild filed its Second Amended Complaint on June 7, 1988, and named Travelers, Truck Insurance, Wausau, and numerous excess insurers as defendants. The Complaint lists fifteen sites about which claims have been filed against Fairchild for hazardous waste contamination. The only Fairchild hazardous waste site not included in the California action at this time is the McKin site. Sites in South Portland and South Hope, Maine, are included. Thus, Fairchild's California action encompasses all of the policies for all of Fairchild's hazardous waste sites, with the exception of the McKin site.

## II.

The Supreme Court has stated that although federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," a district court might nevertheless decline to exercise its jurisdiction under certain "exceptional circumstances." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). The circumstances surrounding this dispute justify a stay of the proceedings before this Court. The First Circuit has distilled the Supreme Court decisions in *Colorado River* and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and set out a series of factors that a court should consider prior to staying an action pending resolution of a state proceeding.

---

1. Defendant Truck Insurance filed an answer and a cross-claim against Fairchild on December 15, 1987. Fairchild moved to dismiss or stay the cross-claim on the same basis that it argued Travelers' Complaint should be dismissed or stayed. At oral argument, counsel for the parties agreed that the same analysis is required to address both of Fairchild's motions, and that the outcomes will be identical. In the interest of brevity, the Court will address Fairchild's motion to dismiss or stay Travelers' action, and apply the holding to the cross-claim.

These factors include (1) which court first assumed jurisdiction over any *res* or property involved in the action; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; and (5) whether federal law supplies the rule of decision.

*Bergeron v. Estate of Loeb*, 777 F.2d 792, 798 (1st Cir.1985) (citing *Moses H. Cone*, 460 U.S. at 13–26, 103 S.Ct. at 935–942 (1983)), *cert. denied sub nom. Loeb v. Bergeron*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986).[2] "The weight to be given any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. "[W]here the federal action is one for declaratory relief concerning an issue in a pending state action, the third *Colorado River* factor—the desirability of avoiding piecemeal litigation—is entitled to great weight." *National R.R. Passenger Corp. v. Providence and Worcester R.R.*, 798 F.2d 8, 11 (1st Cir.1986).

In weighing the factors set out in *Bergeron*, the Court finds that these proceedings should be stayed pending resolution of the action in California Superior Court. First, and most important, staying this action would avoid the possibility of piecemeal litigation. Once the McKin site is included, the California action will address the rights and duties of all of Fairchild's primary and excess insurers whose coverage is implicated in all of the environmental cleanup claims against Fairchild. All relevant policies—including the policies at issue in the McKin site—will be considered simultaneously. Staying this action would avoid the prospect of this Court and the California Superior Court interpreting the same policy, yet reaching different conclusions regarding the parties' rights and duties and depriving Fairchild of sufficient coverage after years of paying premiums. *Liberty Mutual Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985). *See also National R.R. Passenger Corp.*, 798 F.2d at 11 ("Where the issues to be determined in the federal declaratory relief action are identical to those pending in state court, piecemeal litigation is easily avoided by the District Court staying its hand.")

Second, the federal forum in Maine appears to be more inconvenient for the parties than California. Two of the four parties are headquartered in California, while none of the parties are headquartered in Maine. Travelers' contention that the federal district court in Maine is more convenient because of its proximity to the McKin site is undercut by the fact that Travelers first scheduled deposition of a named witness was of Fairchild's risk manager, who lives and works in California. Since the central issue in the case appears to be the proper construction of the insurance contracts, it is doubtful that this Court's proximity to the McKin site is of any substantial import.

Third, the fact that federal law will not supply the law of decision in this case also supports staying this action. Finally, Travelers seemingly concedes that the California Superior Court obtained jurisdiction over this matter prior to this Court.[3]

### III.

In conclusion, a district court may decline to exercise its jurisdiction under certain exceptional circumstances. The decision to stay an action must take into account principles which "rest on consideration of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180,

---

**2.** The factors are not a "mechanical checklist." *National R.R. Passenger Corp. v. Providence and Worcester R.R.*, 798 F.2d 8, 10 (1st Cir.1986).

**3.** Travelers' Memorandum of Law in Opposition to Fairchild's Motion to Dismiss or Stay this Action at 13. The jurisdiction issue is confused by the fact that the California case was stayed as to the McKin site. Nevertheless, this factor is not a weighty one in the case at bar. *Cf. American Motorists Ins. Co. v. Philip Carey Co.*, 482 F.Supp. 711, 712 n. 1 (S.D.N.Y.1980) (stay granted in favor of state action filed more than three months after federal action commenced).

**68**

183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The California action is more comprehensive, involving virtually all of Fairchild's insurers and all of the sites for which Fairchild may be liable. The California action can address the full range of the parties' duties and rights pursuant to the various policies. Under such circumstances, this Court should stay these proceedings. *Cf. Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942) ("it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.")

Accordingly, it is hereby *ORDERED* that:

(1) this action, including Truck Insurance's cross-claim, is *STAYED*;

(2) counsel for Fairchild shall seek leave with the California Superior Court to include the claims relating to the McKin site in Fairchild's California action within thirty (30) days of this date; and

(3) the Clerk shall schedule a status conference, to take place ninety (90) days from the date of this order, at which time the parties will update the Court on the progress of the California action.