Alvin C. Trippe, Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for plaintiff.

Philip Levi, Harry Terte, Kansas City, Mo., for defendants.

## NATIONAL FIRE INS. CO. OF HARTFORD, CONN. v. WALKER LAUNDRY & DRY CLEANING CO. et al.

No. 5657.

United States District Court
W. D. Missouri, W. D.

May 8, 1950.

REEVES, Chief Judge.

The motion for a new trial raises the single question whether the verdict of the jury was against the weight of the evidence. The defendant particularly complains "that the defendant Walker Laundry and Dry Cleaning Company was entitled to recover some amount for sprinkler damage."

The original action was instituted by the plaintiff for a declaratory judgment. The plaintiff had issued its policy or contract of insurance to defendant Walker Laundry and Dry Cleaning Company insuring property located at 1120 Oak Street, Kansas City, Missouri, described as a three-story building with contents. The insurance was against damage from explosion

and with a provision for damages in case of sprinkler leakage. It was contended by plaintiff that the building had collapsed from age and deterioration on or about the 6th of February, 1949, whereas defendants claim an explosion, and that the building and contents sustained considerable damage and they prayed judgment for such damages, including damages for sprinkler leakage in the sum of $1589.00.

Upon the issues thus made up the case was tried to a jury and much testimony was adduced by both parties. There was evidence that an explosion had seriously damaged the building as well as its contents. On the other hand the plaintiff produced many witnesses who testified that the collapse of the building was because of age and natural deterioration in old structures, and that there were architectural defects in the structure, and from all these the building collapsed and that an explosion had not occurred. There was some testimony of sprinkler damage and also testimony that the contents had suffered no damage because of the sprinkler system. In fact one witness testified that one of the owners and proprietors had definitely stated that there was no sprinkler damage. This statement was made shortly after the damage to the building. Moreover, no claim was made for sprinkler damage in the original answer. Since able counsel for the defendant has suggested that there was no opposing evidence on the subject of sprinkler damage, the testimony of the witnesses has been reviewed and it is sufficient to say that there was evidence that the contents of the building had suffered no damage from sprinkler leakage. The evidence against such damage was about equal to that claiming that damages had accrued from the sprinkler system. The principal issue was whether or not there was an explosion or whether the building collapsed from age and architectural weakness. This question engaged the attention of the court and jury during the entire time of the trial, with, as stated, some evidence both for and against the question of sprinkler damage. No complaint is made of errors or mistakes in the course of the trial, but defendant simply states that

the verdict was against the weight of the evidence.

■ The evidence has been considered in the light of this contention. It is the rule sustained by many authorities that it is the province of a jury to settle questions of fact. In Iba v. Chicago, B. & Q. Railroad Co., 172 Mo.App. 141, loc. cit. 153, 157 S.W. 675, 679, the Kansas City Court of Appeals, by Judge Trimble, said: "We do not mean that he is to substitute his own judgment in all cases for the judgment of the jury, *for it is their province to settle questions of fact;* and when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, *he has no right to disturb the findings of the jury, although his own judgment might incline him the other way.* (Italics mine.) In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness."

In Phipps v. Chicago, R. I. & P. Ry. Co., Mo.App., 220 S.W. 687, 689, loc. cit. 689, the Kansas City Court of Appeals, through Judge Bland, said: "The trial judge may have thought that if he had been a juryman he would have voted for the defendant. * * * What he would have done had he been a juryman acting under a juryman's oath is another question. While he may not have believed the witness, he may have regarded the evidence as such that different minds would naturally come to different conclusions thereon, and, although his own judgment might incline him to the belief that the witness was not telling the truth, he may have felt that he had no right to disturb the finding of the jury under the circumstances."

In the case of Weed v. Lyons Petroleum Co., D.C., 294 F. 725, loc. cit. 733, the District Court for the District of Delaware said on the same subject: "It is not, however, a sufficient ground for a new trial that the verdict is merely against a preponderance of the testimony, or that the court might have arrived at a different result, but the verdict must be manifestly and palpably against the evidence in the case. 20 R.C.L. 274."

322

See also 46 C.J. Section 136, p. 174 and p. 175. In the case of Walkup v. Bardsley, 8 Cir., 111 F.2d 789, loc. cit. 791, the court said: "Effect must be given to the rule that issues depending upon the credibility of witnesses and the weight of the evidence are to be decided by the jury." (And cases cited.)

As indicated, there was testimony to support the verdict of the jury and since the court cannot say that it even preponderated either way, the verdict of the jury should be accepted as final and conclusive. Accordingly, the motion for a new trial will be overruled, and it will be so ordered.