**Andre James HARVEY, Plaintiff,**

v.

**Kirk HANKINS, et al., Defendants.**

**No. 84–4318–CV–C–5.**

United States District Court,
W.D. Missouri, C.D.

Jan. 13, 1988.

Barry Cundiff, Hawkins, Brydon & Swearengen, Jefferson City, Mo., for plaintiff.

Lawrence Leonard, Robert B. Best, Jr., Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is plaintiff's motion for a new trial or, in the alternative,

judgment notwithstanding the verdict. For the following reasons, this motion is denied.

## I. FACTUAL BACKGROUND

The plaintiff in this case, Andre James Harvey, was arrested by Columbia Police officers for deceiving a law enforcement officer. The plaintiff brought a cause of action against the police officers, the Columbia Chief of Police, and the City of Columbia for violation of his civil rights under 42 U.S.C. § 1983. The jury awarded a verdict for the defendants on all counts.

## II. MOTION FOR NEW TRIAL OR JNOV

It is within the trial court's discretion to grant or deny a new trial motion. The trial court may not usurp the function of the jury in weighing the evidence and the credibility of the witnesses. *McGee v. South Pemiscot School District R–V*, 712 F.2d 339, 344 (8th Cir.1983). The trial court may disturb a jury verdict only to prevent a miscarriage of justice. *Id. See also Fireman's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 1987 (8th Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973).

In granting a motion for judgment notwithstanding the verdict, the evidence must be considered in the light most favorable to the nonmoving party. *SCNO Barge Lines, Inc. v. Anderson Clayton & Co.*, 745 F.2d 1188, 1192 (8th Cir.1984). A judgment notwithstanding the verdict should be granted only when there is no evidence or reasonable inference to support the position of the nonmoving party. *Id.*

In the instant case, there is no evidence that there has been a miscarriage of justice. The jury weighed the evidence and the credibility of the witnesses and decided that the defendants Columbia Police officers, the Chief of Police, and the City of Columbia did not violate plaintiff Andre James Harvey's Constitutional rights. The Court, in its discretion, is aware of no possible reason to disturb the jury's verdict.

Likewise, there is no evidence to suggest that the plaintiff's motion for judgment notwithstanding the verdict should be granted. In viewing the evidence in the light most favorable to the defendants' position, it is clear that there is sufficient evidence to support it. Therefore, the jury's verdict must stand.

## III. DISCUSSION

A. *Verdict against weight of evidence*

■ The plaintiff argues that the jury verdict was against the weight of the evidence. The plaintiff cites Rule 52 of the Federal Rules of Civil Procedure to support the proposition that the jury verdict should be reviewed under the "clearly erroneous" standard. Rule 52, however, does not apply to the case at bar because it was tried before a jury. Rule 52 applies only to cases tried without a jury or to those tried with an advisory jury. Fed.R.Civ.P. 52.

To further support his position, the plaintiff has merely restated his trial arguments which were rejected by the jury. The jury had the opportunity to observe the witnesses and to judge their credibility. The verdict confirms that the jury found the plaintiff's claims to be unfounded. This Court will not usurp the function of the jury by granting a new trial or a judgment notwithstanding the verdict. Where there is testimony to support the verdict, it should be "accepted as final and conclusive." *National Fire Insurance Co. v. Walker Laundry & Dry Cleaning Co.*, 90 F.Supp. 320, 322 (W.D.Mo.1950).

B. *Jury Instruction misstated the law*

■ The plaintiff alleges that the good faith defense instructions given on behalf of defendants Hankins and Gunier erroneously state the law because the issue of probable cause for the arrest is not mentioned. While it is true that probable cause is not mentioned in the good faith defense instructions, it is defined in Instruction Number 9 which states:

Probable cause to make an arrest is reasonable cause and may be defined as the existence of facts and circumstances which would warrant a prudent person in

believing that an offense has been committed by the person arrested.

In determining whether an officer had reasonable cause to believe that a person has committed an offense, the facts known to him need not meet the standard of conclusiveness upon which a conviction must be based; but, rather, the actions of the officer in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

More importantly, the verdict directors numbered as Instructions 16 and 24 set out probable cause as the first element necessary in finding against the defendants.

The plaintiff's contentions are correct that police conduct relating to an arrest must be guided by good faith and probable cause. *See Landrum v. Moats,* 576 F.2d 1320, 1327 (8th Cir.1978). The initial inquiry is whether or not the police officers had probable cause to make the arrest. This element was correctly given in the verdict directors numbered as Instructions 16 and 24. The affirmative defense good faith instruction would come into play only after the jury determined that the plaintiff's Constitutional rights were violated, but the defendants acted in good faith. "If the jury found that the officers reasonably believed in good faith that the arrest was constitutional, then a verdict for the officers would follow even though the arrest was in fact [without probable cause and] unconstitutional." *Scheuer v. Rhodes,* 416 U.S. 232, 245, 94 S.Ct. 1683, 1691, 40 L.Ed.2d 90 (1974), *quoting Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967).

In light of this analysis, it is clear that, viewing all of the instructions as a whole, the applicable law was clearly and correctly stated in the jury instructions. The plaintiff's motion for new trial or, in the alternative, judgment notwithstanding the verdict shall be denied.

### C. *Presence of defendant's son in courtroom*

 The plaintiff contends that the presence of defendant McFarland's son in the courtroom was sufficient to arouse such sympathy in the jury as to taint the verdict. A litigant who seeks to have a judgment set aside carries the burden of showing that prejudice resulted from the complained-of activity. *Altrichter v. Shell Oil Company,* 263 F.2d 377, 381 (8th Cir.1959).

The plaintiff in this case has cited no case law to support his claim that the presence of family members in the courtroom constitutes grounds for a new trial. In addition, the plaintiff offers no evidence to show that the jurors were even aware that the child belonged to one of the defendants or that the child's presence had an effect on the jury. The plaintiff has failed to meet his burden of showing that prejudice resulted against the plaintiff by the presence of defendant McFarland's son in the courtroom.

### D. *Evidence of subsequent uses of force*

 In order for a plaintiff to establish municipal liability under 42 U.S.C. § 1983, he must prove that city officials had notice of prior incidents of police misconduct and that they had deliberately failed to act on this knowledge. *Harris v. City of Pagedale,* 821 F.2d 499, 504 (8th Cir.1987). A municipality will be liable only if its failure to take action concerning a known problem rises to the level of a policy or custom. *Herrera v. Valentine,* 653 F.2d 1220, 1224 (8th Cir.1981).

The plaintiff argues that the Court erred in refusing to admit evidence of *subsequent* allegations of excessive force. Logically, this evidence would have been irrelevant to show a deliberate indifference to the plaintiff's rights and to show the existence of a policy or custom of police misconduct. Therefore, the evidence was properly excluded by the Court.

For the above-stated reasons, it is hereby

ORDERED that plaintiff's motion for a new trial or, in the alternative, judgment notwithstanding the verdict is denied.